### PRICE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1925.)

No. 4246.

1. **Criminal law ⟶407(2)—Not error to refuse to exclude evidence of silence when charge was made, because of subsequent evidence of later denial.**

Allowing evidence, admitted without objection, of defendant's silence when those arrested with him in his presence stated that he gave them narcotics to sell, to remain in the case, as against motion, after his subsequent denial had been shown, to exclude all this testimony on the theory that because of his later denial the earlier silence was neutralized—a question for the jury—was not error.

2. **Criminal law ⟶824(5)—No error in allowing jury to base verdict on admission by silence, in absence of request for instruction on force that might be given it.**

In the absence of special request for instructions as to what force might be given evidence, admitted without objection, of defendant's silence when, after arrest, charge against him was made in his presence, or in any way calling the matter to the court's attention, it was not error to permit the jury to base their verdict on this character and extent of admission.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Jimmy Price was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

Charles M. Bryan, of Memphis, Tenn. (Arthur G. Brode, of Memphis, Tenn., on the brief), for plaintiff in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (W. H. Fisher and A. A. Hornsby, Asst. U. S. Attys., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Price was convicted of violating the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). Narcotics were found in the possession of Davis and Lewis, and it was the theory of the United States that Price had given the drugs to them to be by them distributed and sold. After all three were arrested by the city police, Davis and Lewis were questioned in Price's presence and stated that he had given the drugs to them for this purpose. Then and there he made no denial; though shortly afterwards, and after the narcotic agent came in, he did.

[1, 2] It is contended before us that since he was at this first time under arrest, he was under no duty to make denial, but was entitled to keep silent, and that such silence under those circumstances had no tendency to admit the charge. The question was not thus raised in the court below. Proof as to his silence when the charge was first made came in without objection. After the same witness had continued and detailed the later denial there was a request that "all this testi-

mony be excluded"; but this seems to have been upon the theory that because of the later denial the earlier silence was neutralized. This would be a question for the jury, and there was no error in allowing the evidence of his initial silence to remain in the case. In the absence of special requests for instructions as to what force the jury might give this or in any way calling the matter to the attention of the court, there was no reversible error in permitting the jury to base their verdict upon this character and extent of admission.

It is urged that there is no evidence to support the verdict, but the counsel who tried the case for Price apparently thought otherwise. He made no request for an instructed verdict, and the case does not appeal to us as one where we should disregard our rule 11.

The judgment is affirmed.