## LESLIE–CALIFORNIA SALT CO. v. LARKIN. THE FOUR SISTERS. THE PYRAMID.

Circuit Court of Appeals, Ninth Circuit.
March 30, 1928.

No. 5277.

**1. Collision ⚏90—Rule prohibiting vessels running within 500 feet from and parallel to pierhead line held applicable to vessels running only short distances.**

Rule of board of state harbor commissioners, providing that vessels must not run within 500 feet from, and parallel to, the pierhead line, promulgated in the interest of public safety, must be strictly enforced, and applies to vessels running only short distances, from one pier to another.

**2. Collision ⚏96—Steamship running within 50 feet of and parallel to pierhead line held solely at fault in collision with gasboat leaving pier.**

Steamship running less than 50 feet from pierhead line, and parallel thereto, in going from one pier to another, in violation of rule of board of state harbor commissioners, prohibiting vessels from running within 500 feet from and parallel to the pierhead line, held solely at fault in collision with gasboat leaving her mooring at pier.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Libel by D. L. Larkin, owner of the American gasboat Four Sisters, against the Leslie-California Salt Company, claimant of the steamship Pyramid, in which respondent filed cross-libel. From an interlocutory decree sustaining the libel and dismissing the cross-libel, respondent appeals. Affirmed.

Harold M. Sawyer and Alfred T. Cluff, both of San Francisco, Cal. (Daniel W. Ey-

ans, of San Francisco, Cal., of counsel), for appellant.

Bell & Simmons, W. S. Andrews and Golden W. Bell, all of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. There is little controversy over the facts in this case. On the morning of October 2, 1926, the gasboat Four Sisters left her mooring on the south side of Pier 23 on the San Francisco water front, bound for Oakland, across the bay. She proceeded at half speed along Pier 21 until the steamship Pyramid was sighted approaching from the south, less than 50 feet from the pierhead line and parallel thereto. The Pyramid had shortly before left her mooring at Pier 17 and was proceeding to Pier 25 to deliver cargo to another vessel. As she passed Pier 21 the boats sighted each other, when about 60 feet apart, and a collision followed. The owner of the gasboat libeled the Pyramid, and the owner of the Pyramid filed a cross-libel against the gasboat. On the final hearing the court sustained the former and dismissed the latter. From the interlocutory decree this appeal is taken.

[1, 2] A rule or regulation of the board of state harbor commissioners provides that vessels must not run within 500 feet from and parallel to the pierhead line. The court below found that the Pyramid was running less than 50 feet from the pierhead line and parallel thereto; and the finding is supported by the testimony. There is no contention on the part of the appellant that the rule or regulation in question was observed, but counsel contend that it has no application to vessels running only short distances from one pier to another. But the rule itself makes no such exception, nor should any such exception be read into it. The peril to the gasboat was the same, whether the Pyramid was running from Pier 17 to Pier 25, or whether she was running the full length of the water front. The rule was promulgated in the interest of public safety, and public policy demands that it be strictly enforced. It follows, therefore, that the Pyramid was at fault and this fault caused the collision.

The court below found that the gasboat was without fault. Her speed, under the circumstances, was not excessive; the claim that her whistle was defective is not supported by the testimony, nor is the claim that she did not maintain a proper lookout. She was less than 60 feet in length, and was licensed to operate with a single operator; the operator in charge saw the Pyramid as soon as she appeared off Pier 21, and a lookout could do no more.

The appeal is without merit, and the decree of the court below is affirmed.