## McCARTHY v. UNITED STATES.

## CODY v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

Nos. 5031, 5032.

Criminal law ⬅→407(2)—Admitting evidence regarding undenied statement in defendants' presence, during official examination following arrest, that defendants maintained place for selling liquor, held error (Jud. Code, § 269 [28 USCA § 391]).

Where defendants under arrest were taken before district attorney for examination, and another arrested with them had said defendants were ones who maintained place for selling liquor, and defendants did not deny statement, admission of evidence regarding statement made in defendant's presence *held* prejudicial error, under Judicial Code, §. 269 (28 USCA § 391), since, where accusatory statements are made after arrest and during an official examination while defendant is in custody, he has right to say nothing.

In Error to the District Court of the United States for the Northern District of Ohio; Paul Jones, Judge.

Criminal prosecution by the United States against Anthony McCarthy and John Cody for possessing intoxicating liquor. They bring error. Reversed and remanded.

James T. Cassidy, of Cleveland, Ohio, for plaintiffs in error.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. The respondents in these cases were arrested for being in the possession of intoxicating liquor, and for maintaining the place where it was kept for sale. One Close was arrested with them, as a participant in their offenses. All three under arrest were taken before the district attorney for examination. An officer who was present testified that at this time, and in the presence of the two respondents, Close had said that the respondents were the ones who carried on this place. Objection was made to this testimony. The court ruled that, as Close's statement was made in the presence of respondents, the officer's recital of it could be received. Doubtless there are cases where testimony as to statements made in the presence of a respondent may be intended as introductory to some affirmative admission or confirmatory statement thereupon made by him, and in such case an objection, as soon as the witness is asked what was said in respondent's presence, may be premature, for the question may be leading to a confession by respondent; but here there was no testimony that either respondent said anything, and it seemed to be the theory of the prosecutor and of the court that the silence of the respondents under such circumstances would be considered as tending to show their guilt. We infer from the record that the ruling was intended to be to this effect, and that the jury would have so understood it.

This was error. Where accusatory statements are made in the presence of a respondent and not denied, the question whether his silence has any incriminating effect depends upon whether he was under any duty or any natural impulse to speak. Sometimes or often, in the earlier stages of the matter, there may be such a duty or impulse; but, after the arrest and during an official examination, while respondent is in custody, it is common knowledge that he has a right to say nothing. Only under peculiar circumstances can there seem to be any duty then to speak. Lacking such circumstances, to draw a derogatory inference from mere silence is to compel the respondent to testify; and the customary formula of warning should be changed, and the respondent should be told, "If you say anything, it will be used against you; if you do not say anything, that will be used against you." See comments of Shaw, C. J., in Com. v. Kenney, 12 Metc. (53 Mass.) 235, 46 Am. Dec. 672; Com. v. Walker, 13 Allen (Mass.) 570; Com. v. McDermott, 123 Mass. 440, 25 Am. Rep. 120; Porter v. Com. (Ky.) 61 S. W. 16, 17 and citations; State v. Weaver, 57 Iowa, 730, 11 N. W. 675. Also comment by Judge Learned Hand in Di Carlo v. United States (C. C. A. 2) 6 F.(2d) 364, 366. In Price v. United States (C. C. A. 6) 5 F.(2d) 650, the evidence of the accusatory statement and respondent's silence was received without objection, and it was not reversible error thereafter to refuse to strike it out.

We are satisfied that this error cannot be disregarded as nonprejudicial under section 269 of the Judicial Code (28 USCA § 391). We cannot say that it was not the element which turned the scales when the jury decided whether to believe the respondents, who later, as witnesses, denied all connection with the supposed offense.

The judgments must be reversed, and the cases remanded for a new trial.