**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence ARNOLD, Defendant-Appellant.
No. 656–69.**

United States Court of Appeals,
Tenth Circuit.

April 29, 1970.

James M. O'Hara, Denver, Colo., for appellant.

James R. Richards, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

■■■ Appellant was convicted of a violation of 21 U.S.C. § 331(q) (1), the unlawful manufacture, compounding and

processing of a depressant or stimulant drug. His appellate contentions include an assertion that the evidence was insufficient to support the conviction and broad generalizations concerning the jury panel and the refusal of the trial court to grant a motion for continuance. Each of these contentions was presented to the trial court by way of motion for new trial and held to lack merit. We are in complete agreement that the record reflects more than ample evidence to support conviction and that the trial court correctly determined that no claim of error presented to support the motion for new trial had merit. However, appellate counsel presents an additional assignment of error, made for the first time in this court, that is so clearly meritorious in view of our decision in United States v. Nolan, 10 Cir., 416 F.2d 588, that we are compelled to reverse the judgment regardless of the lateness of presentation. Fed.R.Crim.P. 52(b). The error climaxes, as in *Nolan,* with a prejudicial closing argument by the government attorney.

Appellant was lawfully arrested at his residence when surrounded by considerable laboratory equipment being used to manufacture amphetamine. As a defense to the subsequent indictment he attempted, through testimony of others, to show his activities were that of a chemistry student engaged in experimental research.[1] Projected against this general posture of the case the government elicited the following testimony from the arresting agent:

Q. Did you advise the defendant of his constitutional rights?

A. Yes, I did.

Q. Specifically, what did you advise him?

A. I advised him that he had the right to remain silent and that anything he said could and would be used against him in a court of law. I advised him that he had a right to an at-

1. The crime charged does not apply to "[p]ersons who use depressant or stimulant drugs in research, teaching, or chemical analysis and not for sale." 21 U.S.C. § 360a(a) (5).

torney, that if he could not afford an attorney, one would be appointed for him by the Court, and I advised him that he didn't have to answer any questions without an attorney present.

Q. Did the defendant say anything to you then in response to this?

A. He stated that he understood these rights.

Q. Did he make any further statement to you?

A. No.

Since the *Miranda* warnings here given were not intended as a foundation for the admission of a voluntary inculpatory statement of the defendant, this testimony served no probative purpose and did no more than turn on the red light of potential prejudice involving the defendant's fifth amendment rights. We are inclined to the view that this testimony, standing alone, might well be considered harmless[2] but such is not this case. In his closing argument, counsel for the government stated:

> On the other hand, you have the testimony of the Federal agents who have thoroughly inventoried everything and advised the defendant of his constitutional rights, and he made no statement.

> Wouldn't you think that if all he is doing is a little experiment he would say to the agents, "My gosh, there is a mistake here, hold it."

> \* \* \* \* \* \*

> And as far as his making any statements to them or telling them anything, they gave him what is under the law the full advisement of his constitutional rights and he made no statements. He didn't explain anything. Complete silence.

> So I think you have to go along here and really try to figure out as best you can where the truth lies.

 In United States v. Nolan, *supra*, we clearly stated that the constitutional right to remain silent at the time of arrest was as fundamental as the right not to testify and neither could be the subject of argumentative comment by the prosecution. We there stated that to do so was error "so plain, fundamental, and serious that we should consider it, although timely objection was not made thereto in the trial court." 416 F.2d at 594 (footnote omitted).

The government, although conceding the impact of *Nolan* to the case at bar, argues that the prejudice to Nolan was great and the prejudice to Arnold was slight because defense counsel, in argument, commented that Arnold was never asked by the arresting officers whether he was conducting an experiment. We decline to weigh comparative prejudice when the calibrator can only be the quantity of comment violative of constitutional rights.

The judgment is reversed and remanded for a new trial.

---

2. *But see* Baker v. United States, 5 Cir., 357 F.2d 11, 13–14.