## No. 23631.

MATTHEW JOHNSON *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(473 P.2d 974)

Decided August 24, 1970. Rehearing denied September 14, 1970.

TRUMAN COLES, Assistant State Public Defender, EARL S. WYLDER, Deputy, DAVID G. MANTER, Deputy for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, EUGENE C. CAVALIERE, Assistant for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

DEFENDANT Matthew Johnson was convicted on a charge of rape. At the trial by jury, the defendant took the stand and testified that he did have intercourse with the complaining witness, but with her consent and at her invitation after he caught her while she was attempting to steal his automobile.

During the cross-examination on this testimony by the district attorney, the following questions were asked and answered:

Q. "Now, Mr. Johnson, you didn't tell the police this, did you?

A. "No, sir.

Q. "The first time then that anyone has heard this is here today in court, is that correct?

A. "No, sir. I told Mr. Hellerstein when he came out to see me in the County Jail.

Q. "Mr. Hellerstein, your attorney, is that correct?

A. "Yes, sir."

The defendant urges that the district attorney's questions and answers during this cross-examination amounts to impermissible comments by the prosecution on the defendant's constitutional right to remain silent after arrest.

Upon the request of this court, the record was supplemented with a full transcript of the closing arguments. In the rebuttal argument of the district attorney, we note a brief reference as to the defendant not telling the police about his testimony version of what transpired. This would also be subject to the same objection interposed against the cross-examination questions and answers above quoted. Under the particular facts of this case, it is our view that reversible error is not involved in either the cross-examination or the rebuttal closing argument of the district attorney, nor does the effect of both of these amount to reversible error.

The defendant also urges reversal on the ground that the evidence presented at the trial was insufficient to justify a conviction of rape. In our view, this contention is not supportable.

I.

In claiming reversible error, the defendant advances the proposition that the foregoing cross-examination of the defendant created a strong inference that the defendant's constitutional right to remain silent after arrest had been exercised; and furthermore, that if he were innocent as he claimed in his trial testimony, he would have, at the time of arrest or later, made the same denial or explaination to investigating officers. In effect, he is stating that the prosecution improperly used the fact that he stood mute or claimed his privilege to remain silent in the face of accusation. The defendant cites the following statement from *Miranda v. Arizona*, 384 U.S.

436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R. 3d 974, to support his contention that the prosecution's cross-examination in this regard requires reversal:

". . . it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of the accusation."

In accord with *Miranda,* the defendant also emphasizes the holdings of *United States v. Brierly,* 267 F. Supp. 274, (E.D. Pa. 1967); *McCarthy v. United States,* 25 F.2d 299 (6th Cir. 1928); and *United States v. Pearson,* 344 F.2d 430 (6th Cir. 1965) to support his argument that the involved cross-examination in effect was a prohibited comment by the prosecution on the defendant's constitutional right to remain silent.

In addition to the cases cited by the defendant, we have examined several recent cases which relate to fact situations where comment by the prosecution, instructions to the jury, or questioning of witnesses was held to be improper and a basis for reversible error because these actions drew to the attention of the jury the fact that the defendant either elected not to testify or exercised his constitutional right to remain silent when questioned by the police. See *United States v. Arnold,* 425 F.2d 204 (10th Cir. 1970); *United States v. Nolan,* 416 F.2d 588 (10th Cir. 1969); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106; *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653; *Fowle v. United States,* 410 F.2d 48 (9th Cir. 1969); *Gillison v. United States,* 399 F.2d 586 (D.C. Cir. 1968); *Montoya v. People,* 169 Colo. 428, 457 P.2d 397.

In all cases examined, we note one common element which is lacking in this case, and therefore, in our view renders this case distinguishable. All of the cases cited above involved a direct reference to the fact that the accused had elected not to testify or had exercised his right to remain silent when questioned by the police.

Additionally, in these cases there was further comment in the questioning, in the closing argument, or in the instructions which directed the jury's attention to the defendant's constitutional right not to testify or his constitutional right to refuse to make any statement to the police.

 The facts of the instant case which, in our view, removes it from the sanction of *Miranda* and the other cited cases, are as follows:

(1) Here, the defendant testified in his own behalf. He gave an account of his relationship with the complaining witness which was in direct conflict with the evidence presented by the prosecution and it pointed up a complete variance between his version of what occurred and the complaining witness' account of the events in question.

(2) In neither the cross-examination nor the brief comment in his oral argument did the district attorney make any direct reference to the fact that the defendant ever exercised his constitutional right to remain silent when interrogated by the police. The fact is that there is nothing in this record to show whether or not the defendant was interrogated regarding this charge by the police or whether or not the defendant exercised his constitutional right to remain silent and to refuse to say anything relating to this alleged crime.

We believe this case demonstrates a close approach to a twilight zone in which two dogmas of law are in competition, namely: (1) the prohibition against any infringement on the constitutional privilege against self-incrimination, *i.e.*, the right to remain silent; and (2) the mandate that witnesses shall testify truthfully in the judicial process of a trial, which is a search for the truth. As Judge Warren Burger (now Chief Justice Burger) said in *Tate v. United States*, 283 F.2d 377 (D.C. Cir. 1960):

". . . [W]hen a defendant elects to take the stand, compelling considerations of justice require that we do all

in our power [consistent with established rules of law] to make certain he tells the truth and, as most oaths command, 'the whole truth.' "

The cross-examination and the brief comment by the district attorney in his rebuttal closing argument does no more than approach the danger point of potential prejudice involving the defendant's Fifth Amendment rights. In our view, this cross-examination and the brief comment by the district attorney does not constitute reversible error.

## II.

■ Defendant also asserts that the evidence presented at trial was insufficient to justify a conviction of rape because there was no corroboration of the complainant's testimony and also that there was a lack of evidence of resistance by complainant. In support of this argument, the defendant claims the evidence shows that (1) complainant failed to report the incident within a reasonable time, (2) complainant bore no evidence of violence which would corroborate the allegations of the use of force, and (3) complainant had sufficient opportunity but failed to make an outcry.

From the record, it appears that after alighting from the defendant's car, complainant ran to the Denver Grill and found it locked; that she then proceeded to a telephone booth and called a taxi which took her to the home of friends where she had been earlier in the evening. Complainant related her story to those friends and the police were notified. The record indicates the rape occurred *after 1:30 a.m.* and *by 3:30 a.m.*, the complainant had reported the crime, had been interviewed by the police and had undergone a physical examination. In those circumstances, we cannot say there was any unnecessary delay between the time the crime was committed and the time it was reported. Compare *De Salvo v. People*, 98 Colo. 368, 56 P.2d 28.

■ No hard and fast rule can be laid down on the subject of corroboration. Each case must depend largely

on its own merits and surrounding circumstances and be decided on an *ad hoc* basis. *LaBlanc v. People,* 161 Colo. 274, 421 P.2d 474; *Amis v. People,* 83 Colo. 400, 265 P.909.

The complainant testified that throughout the commission of the crime, the defendant had his hand on her throat and was choking her. She also testified that at one point defendant threatened to kill her if she screamed. Another witness testified that when complainant returned to the home of her friends, she was in a "hysterical" condition.

In *Cortez v. People,* 155 Colo. 317, 394 P.2d 346, we said:

". . . Even so, submission induced by fear of great bodily harm does not constitute consent, and this is particularly true where the threats are accompanied by a demonstration of actual force. Thus the jury could have determined that any failure in her resistance was caused by fear. In *Maqwire v. People,* 77 Colo. 149, 235 Pac. 339, this court repudiated the old rule of resistance to the utmost. '. . . Such acts and circumstances may obviate the necessity of proof of physical resistance, as where they show fear making it impossible, or conditions making it useless.' See also *Davis v. People,* 112 Colo. 452, 150 P.2d 67. Thus we have all the elements of the crime; lack of consent, resistance, and the crime consummated by force, violence and fear of more bodily harm."

In our view, there was sufficient evidence to justify the jury's conclusion that this act of intercourse was without the consent of the victim and that she made all resistance reasonably within her power under the facts and circumstances involved.

Judgment affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.