Matthew JOHNSON, Petitioner-Appellee,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Respondent-Appellant.

No. 72–1136.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 19, 1972.

Decided March 22, 1973.

Tennyson W. Grebenar, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Denver, Colo., with him on the brief), for respondent-appellant.

Earl S. Wylder, Denver, Colo., for petitioner-appellee.

Before LEWIS, Chief Judge, and MURRAH and BREITENSTEIN, Circuit Judges.

LEWIS, Chief Judge.

This is an appeal from judgment of the United States District Court for the District of Colorado granting Matthew Johnson's petition for a writ of habeas corpus. Johnson was tried and convicted for rape in the state of Colorado and the judgment of conviction was affirmed on direct appeal. Johnson v. Colorado, Colo., 172 Colo. 406, 473 P.2d 974. The sole issue presented here, which was given full consideration on direct appeal, is whether the prosecution's questions dur-

ing cross-examination and comments during closing argument infringed upon Johnson's right to remain silent under the fifth amendment.

During trial Johnson testified that he had intercourse with the complainant but with her consent and at her invitation. He testified he caught her attempting to take his car and she offered to have intercourse with him if he would not call the police. During cross-examination of Johnson, the following questions and answers took place:

Q. Now, Mr. Johnson, you didn't tell the police this, did you?

A. No, sir.

Q. The first time then that anyone has heard this is here today in court, is that correct?

A. No, sir. I told Mr. Hellerstein when he came out to see me in the County Jail.

Q. Mr. Hellerstein, your attorney, is that correct?

A. Yes, sir.

During closing argument the prosecution again referred to Johnson's failure to tell the police his story.

And isn't it interesting that this is the first time that he has decided to tell the truth other than, of course, he testified that he told his lawyer, and didn't bother to tell the police.

Johnson maintains that an accused's silence at the time of arrest cannot be the subject of comment at trial, relying principally on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Arnold, 10 Cir., 425 F. 2d 204; United States v. Nolan, 10 Cir., 416 F.2d 588, cert. denied, 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187. The Colorado Supreme Court distinguished these authorities and held:

The cross-examination and the brief comment by the district attorney in his rebuttal closing argument does no

more than approach the danger point of potential prejudice involving the defendant's Fifth Amendment rights. In our view, this cross-examination and the brief comment by the district attorney does not constitute reversible error. 473 P.2d at 977.

■ The appellant argues that the Colorado Supreme Court was correct in distinguishing Nolan and Arnold and further argues that the recent case of Harris v. New York, 401 U.S. 222, 91 S. Ct. 643, 28 L.Ed.2d 1, is dispositive and Nolan and Arnold should be overruled insofar as they are inconsistent with Harris.[1] The federal district court relied on Nolan and Arnold in holding Johnson's constitutional rights had been violated. Moreover, the court considered Harris and found it not controlling. The reasoning of the district court is sound and we affirm the order granting petitioner's writ of habeas corpus.

Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, held that it was reversible error for the prosecution or the court to comment on an accused's failure to take the stand and testify in his own behalf. To allow this would impose a penalty on the exercise of a constitutional right. The Supreme Court further refined this principle in Miranda. The Court stated therein:

In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation. 384 U.S. at 468, n. 37, 86 S.Ct. at 1625.

In both Nolan and Arnold comment was made that the defendant had exercised his right to remain silent after arrest and that this silence was tantamount to guilt. This was considered plain error

1. Harris held that statements taken during custodial interrogation in contravention of rights delineated in Miranda may be used at trial for the limited purpose of impeachment if said statements are inconsistent with current testimony of the accused and they satisfy legal standards of trustworthiness.

in both cases. The appellant maintains that the instant case is distinguishable as no direct comment was made that Johnson exercised his right to remain silent or that his silence was an indication of guilt.[2] This distinction is not well taken. A penalty is levied on the exercise of his constitutional right in any event, and the jury may as easily draw prejudicial inferences. *See* United States v. Nielsen, 7 Cir., 392 F.2d 849. Nor can we agree with the Colorado Supreme Court that the comments do not constitute reversible error because they "no more than approach the danger point of potential prejudice." 473 P.2d at 977. We said in United States v. Arnold, *supra,* that we "decline to weigh comparative prejudice when the calibrator can only be the quantity of comment violative of constitutional rights." 425 F.2d at 206.

■ Appellant argues that the comment on Johnson's failure to tell his story to the police was used to impeach his testimony and therefore falls within the ambit of Harris v. New York, *supra.* We do not so read *Harris.* But see United States v. Ramirez, 5 Cir., 441 F. 2d 950, cert. denied, 404 U.S. 869, 92 S.Ct. 91, 30 L.Ed.2d 113.[3] Under *Harris* the prosecution can use prior inconsistent statements to impeach testimony of a defendant who has taken the stand, even if those prior inconsistent statements were taken in contravention of the safeguards announced in *Miranda.* The underlying rationale of *Harris* is that the fifth amendment rights of an accused cannot be used to sanction perjury. A defendant cannot be allowed to testify without fear of impeachment from prior inconsistent statements as this would impair enforcement of a witness' obligation to speak truthfully.

When a defendant makes a statement at trial which is inconsistent with an earlier statement his credibility is clearly in question. This rationale does not follow with silence at the time of arrest. As the trial court properly found in the instant case, silence at the time of arrest is not an inconsistent or contradictory statement. Silence at the time of arrest is simply the exercise of a constitutional right that all persons must enjoy without qualification. *See* Gillison v. United States, 130 U.S.App.D.C. 215, 399 F.2d 586. It would indeed be irregular and anomalous to warn an accused that he has the right to remain silent, that if he says anything it may be used against him, however, if he does remain silent that too may be used against him. *See* McCarthy v. United States, 6 Cir., 25 F.2d 298; United States v. Brinson, 6 Cir., 411 F.2d 1057; Fowle v. United States, 9 Cir., 410 F.2d 48. This would be the practical effect of allowing the prosecution to use at trial the fact that an accused remained silent, clearly making the assertion of the constitutional right costly. *See* Griffin v. California, *supra.*

The judgment and order of the trial court granting petitioner's writ of habeas corpus is affirmed.

BREITENSTEIN, Circuit Judge (dissenting).

Believing that the majority opinion throws yet another roadblock to impede the search for truth in the administration of criminal justice, I respectfully dissent. The majority permits a defendant, who by testifying in his own behalf has cast aside the cloak of immunity, to put that coat back on when the cross-examination becomes discomfiting.

---

2. Appellant also argues that the instant case is more in line with our recent decision of United States v. Julian, 10 Cir., 450 F.2d 575. *Julian* is inapposite to the instant case as the comment therein related to the competency of the defendant. We did not limit the rule of *Nolan* and *Arnold* but rather held it was not determinative under the peculiar circumstances of *Julian.*

3. The premise of *Ramirez* is that silence at time of arrest is an act inconsistent with the testimony given at trial. 441 F. 2d 950, 954. We simply deny the validity of the premise.

This is a state prisoner habeas corpus in which the district court granted relief. Defendant, who was charged with rape, testified in his own behalf and said that the intercourse was consensual. On cross-examination, and without objection, he said that before trial he had mentioned the consent defense only to his lawyer. In closing argument, and again without objection, the prosecutor referred to the pre-trial silence.

The majority does not discuss what to me is the crux of the controversy. We have here a conflict between the Fifth Amendment privilege against self-incrimination and the principle that a witness shall testify truthfully. By emphasizing the Fifth Amendment right and glossing over the policy which demands truth of a witness and which regards adversary proceedings as a search for the truth, the majority loses sight of the balance which must be maintained. The effect of the majority decision is to suppress a fact which reasonably bears on credibility and, hence, on truth. As said in Tate v. United States, 109 U.S.App. D.C. 13, 283 F.2d 377, 381, "the theory that judicial suppression of truth has a beneficial effect on the administration of justice is unproved and perhaps unprovable."

The thrust of the majority opinion is that under the Fifth Amendment a defendant has the right to remain silent. I agree. The difficulty here is that the defendant took the stand and thereby waived his constitutional right. Under the majority opinion there can be a partial waiver of a constitutional right, a premise which I decline to accept.

The Supreme Court has said, and we have said, that by taking the stand a defendant subjects himself to cross-examination on matters reasonably related to the subject matter of his direct examination. McGautha v. California, 402 U. S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711; Sinclair v. Turner, 10 Cir., 447 F. 2d 1158, 1165, cert. denied 405 U.S. 1048, 92 S.Ct. 1329, 31 L.Ed.2d 590.

The majority says nothing about this principle but seemingly relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L. Ed.2d 106, and Tenth Circuit decisions to be mentioned later. The applicability of Miranda is destroyed by Harris v. New York, 401 U.S. 222, 226, 91 S.Ct. 643, 28 L.Ed.2d 1, which says that Miranda is not a license for the use of perjury in defense. Griffin is not pertinent because in that case the defendant did not take the stand.

The case at bar differs from Harris in that there the impeachment was by prior inconsistent statements. Here we have silence. The majority opinion ignores Raffel v. United States, 271 U.S. 494, 497, 46 S.Ct. 566, 568, 70 L.Ed. 1054, which permitted cross-examination on pre-trial silence and said that "having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing." Raffel was re-examined, but not overruled, in Grunewald v. United States, 353 U.S. 391, 418, 424, 77 S.Ct. 963, 1 L.Ed.2d 931. In holding that in the circumstances of Grunewald, cross-examination over objection on a pre-trial claim of the Fifth Amendment was improper, the Court did not base its decision on any constitutional right but instead said that it was acting under its supervisory power over the administration of criminal justice. 353 U.S. at 424, 77 S.Ct. 963.

In the case before us there was no contemporaneous objection either to the cross-examination or to the remark in argument. I say that, in the circumstances presented, to permit the defendant to rearm himself with the constitutional shield is to convert a criminal trial from a search for the truth into a game to be won by the cleverest player. Cf. Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 98 L.Ed. 503.

The action of the Supreme Court in placing its Grunewald decision on its su-

pervisory power is significant. Federal courts have no supervisory power over the administration of criminal justice in state courts. Federal habeas corpus relief is available to a state prisoner when he has been deprived of a right secured to him by the United States Constitution. I do not know what federal constitutional right has been denied the defendant. The only possible reliance can be on the immunity from self-incrimination and that must be based on the acceptance of the idea of a partial waiver. I know of no decision of the Supreme Court which permits a partial waiver of a constitutional right. The approval of such an idea will open a veritable Pandora's box.

The majority mentions three Tenth Circuit decisions. The first is United States v. Nolan, 10 Cir., 416 F.2d 588, 593–594, cert. denied 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187. The facts in Nolan are analogous to those in the case at bar except that Nolan was a federal prosecution and here we have a state prosecution. So far as Nolan is concerned it is enough to say that, for the reasons stated in this dissent, I would consign the case to oblivion. The majority quotes from United States v. Arnold, 10 Cir., 425 F.2d 204, 205–206, to the effect that the court will not weigh comparative prejudice. Be that as it may, Arnold is not in point because there the defendant did not take the stand. The exculpatory evidence was introduced through others. United States v. Julian, 10 Cir., 450 F.2d 575, 578–579, permitted cross-examination on silence. The majority says that Julian is inapposite to the instant case because the comment there related to the competence of the defendant. Competence is a mental state; so also is credibility. I am unable to understand why, if testimony as to silence is admissible on competence, it is not also admissible on credibility.

My position is that when a defendant testifies he may be impeached like any other witness. The use of pre-trial silence for impeachment depends on whether, in the circumstances presented, there is such inconsistency between silence and testimony as to reasonably permit the use of silence for credibility impeachment. In the case at bar the trial court did not exercise the discretion which it has in this area because there was no contemporaneous objection. I believe that the cross-examination was proper for impeachment purposes because common sense teaches that on arrest for forcible rape an accused will claim consent if such be the fact.

Beyond question, a person has the right to remain silent when arrested, and when accused of a crime. That silence may not be used against him to establish the commission of a crime. The difficulty here is that the defendant did not maintain the silence. Instead, he took the stand in his own defense. When he did so, he subjected himself to pertinent cross-examination. The situation was of his making, not the making of the prosecution. The admission of pre-trial silence was not per se inculpatory.

In considering the case at bar the Colorado Supreme Court recognized the competition between the protection against self-incrimination and the mandate that a witness shall testify truthfully and held that there was no reversible error. Johnson v. People, Colo., 473 P.2d 974, 977. Nothing in the federal Constitution requires a contrary holding in this habeas proceeding.

I would reverse and remand the case with directions to dismiss the habeas petition.