**Donald A. DEATS, Appellant,**

v.

**Felix RODRIGUEZ, Warden, New Mexico State Penitentiary, Appellee.**

**No. 72-1637.**

United States Court of Appeals, Tenth Circuit.

Argued March 28, 1973.

Decided May 3, 1973.

Charles T. Flett, Arvada, Colo., for appellant.

Jay R. Rosenthal, Sp. Asst. Atty. Gen. (David L. Norvell, Atty. Gen., with him on the brief), for appellee.

Before SETH and BARRETT, Circuit Judges, and SMITH*, District Judge.

SETH, Circuit Judge.

The petitioner, Donald A. Deats, appeals from an order of the United States District Court for the District of New Mexico dismissing his petition for a writ of habeas corpus.

Appellant was found guilty in a New Mexico state court of aggravated burglary and larceny of property, and sentenced to concurrent terms in the New Mexico State Penitentiary. He exhausted all possible state remedies and applied to the United States District Court for a writ of habeas corpus, urging as error:

1. That because of pretrial publicity and the refusal of the state judge to grant a change of venue, he did not have a fair trial.

2. That the closing argument of the district attorney which contained references to appellant's refusal to talk to the police officers who arrested him was prejudicial and denied him due process of law.

3. That the presence of a felon on the jury, which fact should have been known to the prosecuting attorney, since the prosecuting attorney allegedly secured the conviction of the jury member, was prejudicial.

Deats' petition for a writ of habeas corpus was dismissed by the trial court without a hearing.

* Of the Eastern District of Michigan, sitting by designation.

Because the closing argument of the district attorney was prejudicial and requires reversal, it is not necessary to discuss the first or third allegation of error. We trust that when the state retries appellant, the publicity which occurred prior to 1967 when appellant was tried for the crimes herein will have long been forgotten, and a new jury for a new trial will not raise the issue of the effect of a felon sitting on the jury.

During his closing arguments, the district attorney made the following remarks:

"MR. BRANDENBURG: . . . Why didn't Mr. Deats tell it when the officer talked to him? He showed a reluctance to testify.

"MR. CALKINS: Object. I will reserve it. I won't object to that point.

"THE COURT: All right. Proceed.

"MR. BRANDENBURG: Why didn't Mr. Deats tell the officer? If this is the way it happened, why didn't he tell them right then? If you were caught in a situation like Mr. Deats was caught in, and you are innocent, what is the first thing you are going to tell the police? Aren't you going to tell them exactly what you have been doing? Aren't you going to tell them about calling Mr. Farnum? Aren't you going to tell them the whole story so they can check it out? And if it turns out to be true, are you going to languish in jail and say, 'Forget it, I don't want to talk to you?' I think you will consider this also. . . ."

At the conclusion of the district attorney's closing argument and out of the presence of the jury, Deats' counsel moved for a mistrial on the ground that the closing argument was highly prejudicial and inflammatory. The motion was denied.

The New Mexico Court of Appeals, in State v. Montoya, 80 N.M. 64, 451 P.2d 557, refused to consider this point of alleged error because appellant's counsel had withdrawn his objection to the prejudicial statements during closing argument. The New Mexico Supreme Court also refused to rule on this point. Deats v. State, 80 N.M. 77, 451 P.2d 981.

We find this case to be controlled by United States v. Arnold, 425 F.2d 204 (10th Cir.), and United States v. Nolan, 416 F.2d 588 (10th Cir.), where we held that comments by the prosecuting attorney on an accused's silence were plain, fundamental error, and that we would overlook the lack of objection in the trial court to consider the error. The issue was again considered in Johnson v. Patterson, 475 F.2d 1066 (10th Cir., 1973), where we held that any comment on an accused's silence cannot be made at trial under the guise of its being a prior inconsistent statement admissible under the rule of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, when the accused takes the stand. It is difficult to distinguish the problem here raised from that in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, wherein comment on a failure to take the stand is not permitted. Also in the circumstances where a defendant does not take the stand, but a prior statement is admitted, this silence is not held to be inconsistent with the prior statement.

If the accused chooses to remain silent on arrest, but at trial, for any one of several good reasons unrelated to the truth or falsity of his statement, chooses to take the stand on his own behalf, whatever he may there say is inconsistent with his prior silence under the view contrary to that taken by this court. Anything said is inconsistent with silence. Thus any change of mind by the accused from initial silence to taking the stand necessarily creates an inconsistent position or statement which cannot be avoided, and is under the contrary view subject to comment. Under such a view, the theory is that if the testimony on the stand is true, the substance of it would have been given by the accused on arrest. It is difficult, however, to speculate as to whether the defendant should

or would have said something under the circumstances of his arrest, and this the jury should not do in deciding his guilt or innocence.

The rule which has been adopted by this circuit gives effect to the advice given to the accused that he may remain silent without a penalty for later deciding to take the stand. This rule is just as effective in reaching the truth as any other rule. Silence is not an untruth.

Reversed and remanded for further proceedings.

BARRETT, Circuit Judge (dissenting).

I must respectfully dissent, on basically the same grounds and for the same reasons stated by Judge Breitenstein in his recent dissent in Johnson v. Patterson, 475 F.2d 1066 (10th Cir. 1973).

The search for truth is and must always be the primary object of the criminal justice system. With this in mind, we have held that it is well established that there is a vast difference in the case of an accused who voluntarily takes the stand, and of the accused who refrains from testifying. Sinclair v. Turner, 447 F.2d 1158 (10th Cir. 1971), cert. denied 405 U.S. 1048, 92 S.Ct. 1329, 31 L.Ed.2d 590 (1972). In that decision we quoted from Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L. Ed. 704 (1943) as follows:

> We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide. Since the protection which could have been obtained was plainly waived, the accused

cannot now be heard to charge the court with depriving him of a fair trial. 318 U.S. at 201, 63 S.Ct. at 555.

The crux of the controversy here does not involve the Fifth Amendment privilege against self-incrimination, but rather the issue of credibility. Judge Breitenstein observed in Johnson, supra, in the dissent:

> By emphasizing the Fifth Amendment right and glossing over the policy which demands truth of a witness and which regards adversary proceedings as a search for the truth, the majority loses sight of the balance which must be maintained. The effect of the majority [opinion] is to suppress a fact which reasonably bears on credibility and, hence, on truth. 475 F.2d 1066 at 1069.

An accused has no right to set forth to the jury all of the facts which tend in his favor without laying himself open to a cross-examination on those facts. Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078 (1900); Reagan v. United States, 157 U.S. 301 (1895); Sinclair v. Turner, supra. Deats' pre-trial silence was properly referred to for impeachment purposes because of the inconsistency between his silence at the time of arrest and his testimony at trial. The record does, in fact, reflect that Deats did speak with police officers following his arrest. At trial, not only did Deats deny his guilt of the burglary and larceny charges predicated on his defense of alibi, but he called other witnesses who testified in corroboration. This, then, was purely and simply a credibility test. Deats effectively waived his Fifth Amendment right against self-incrimination when he voluntarily took the stand and presented his alibi defense testimony.