**Maurice L. JONES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 6, 1974.

Angelo Falasca, Asst. Public Defender, Wilmington, and Walter E. Smith, III, Asst. Public Defender, Wilmington, of counsel for defendant below, appellant.

Daniel F. Wolcott, Jr. and Charles P. Brandt, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant Maurice Jones seeks review of his conviction for burglary (11 Del.C. § 395) and conspiracy (11 Del.C. § 105).

The sole question presented is whether the prosecutor's comments to the jury, upon the defendant's silence at the time of arrest, constituted reversible error.

Responding to a burglary call, the police apprehended the defendant and co-defendants John Carroll and Robert Lee Guyton inside an unoccupied warehouse. When arrested, no explanation was given by the defendants for their presence in the building. At trial, however, all three defendants testified on direct examination that they were there because they had been hired to perform janitorial services and had been given the key by which they had gained admittance. On cross-examination, Guyton and Carroll were asked why they had not told anyone previously the reason for their presence in the building; they replied that no one had asked the reason. The appellant Jones, however, was not similarly questioned.

In summing up to the jury, the prosecutor argued [1] that the defendants' story was a recent fabrication and not to be believed in light of the defendants' behavior at the time of arrest.[2] All three defendants were convicted but only Jones appeals.

The appellant contends that because of the reference by the prosecutor to his failure to explain his presence to the police when apprehended, or shortly thereafter, the appellant's Fifth Amendment right to remain silent was violated.

Assuming such error, arguendo,[3] we are convinced that it was harmless in this case beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed. 2d 284 (1969). The evidence of the appellant's guilt was "so overwhelming" and the prejudicial effect of such error was "so insignificant by comparison", we find fully warranted the conclusion that such error was harmless. Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); compare United States ex rel. Mealey v. Delaware, 3 Cir., 489 F.2d 993 (1974).

Affirmed.

1. The prosecutor's remarks were as follows: "Now, why shouldn't you believe that alibi? Well, first, they never told the police that that's why they were there. They had a lot of chances to tell the police. They were in custody at approximately eleven fifteen on Sunday afternoon, (sic) and they never mentioned to the police that they were there legally, they were there doing janitorial service for Mr. Sianni. They didn't say anything. Now, it would seem that a person who is legally in a place would certainly tell the police why he's there."

2. Upon arriving at the warehouse, the police observed the defendant Jones crawl past a door and then disappear into the building. The police then called to those inside the building to surrender. In response Guyton and Carroll came to the front door, hands on head, and announced that they were "giving up". After opening the door with their key, they were advised of their rights and taken immediately to police headquarters. Neither offered any explanation as to why he was in the building.

Thereafter, a search by the police disclosed Jones perched in the ceiling of a locked storage room in the warehouse. Unnerved by his discovery, Jones fell to the floor below and was immediately arrested. He was not cross-examined as to whether he offered any explanation to the police for his presence and behavior.

3. See Fowle v. United States, 9 Cir., 410 F.2d 48 (1969); Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); Johnson v. Patterson, 10 Cir., 475 F.2d 1066 (1973); State v. Greer, 17 Ariz.App. 162, 496 P.2d 152 (1972); compare United States ex rel. Burt v. New Jersey, 3 Cir., 475 F.2d 234 (1973).