**Steven Allen MILES, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–214.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1974.

E. Terril Corley, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Steven Allen Miles, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–73–1091, of the offense of Shooting With Intent to Kill, After Former Conviction of a Felony. He was found guilty by a jury and was sentenced to a term of ten (10) years imprisonment. From such judgment and sentence a timely appeal has been perfected to this Court.

On appeal defendant raised four propositions of error. However, for the reasons set forth below, we dispense with discussion of all but the first proposition, and also dispense with detailed discussion of the facts.

Briefly stated, the facts were as follows: Defendant was involved in a tavern shooting at the Hob Nob Lounge in Tulsa, Oklahoma, on the night of May 5, 1973. According to the State's witnesses, defendant was the aggressor in an altercation which resulted in defendant shooting Gary Keen in the side with a .38 caliber revolver. However, according to the version of the incident presented by defendant and his witnesses, Keen and several others were the aggressors, and defendant had not shot Keen as alleged. Instead, either Keen or one of his friends had shot defendant in the ankle as defendant was attempting to flee.

In his first proposition of error, defendant argues that his right to remain silent was violated when he was cross-examined by the district attorney in the following manner:

"Q. (BY DISTRICT ATTORNEY): Okay. Now, you say—tell the jury that you were really mistreated out there on May the 5th, shot at, took a chance of you and your wife losing your life?

"A. (BY DEFENDANT): Yes, sir.

"Q. Did you ever report the incident to the police?

"A. No, sir.

"Q. Why?

"A. If somebody's crazy enough to shoot you, I don't know why they wouldn't be reprisals on your life if—I couldn't get them all down there at that bar and they was more than one or two guns there.

"* * *

"Q. And you didn't have a gun?

"A. I sure didn't.

"Q. So that's your reasons for not telling the police?

"A. I knew I shouldn't have been down at a place like that anyway in the first place.

"Q. When were you arrested on the charge?

"A. A month and a half later.

"Q. Did you tell the police then?

"A. Did I tell them—no, I didn't say nothing.

"Q. When you were arrested for a crime you didn't commit you didn't say nothing.

"A. I sure didn't.

"DEFENSE COUNSEL: I'm going to object again and I'm going to move for a mistrial . . . . So move, and move that the jury be admonished, although I don't think it will do any good.

"THE COURT: Request for admonition denied. Motion for mistrial overruled.

"Q. When you were arrested for a crime you say you didn't commit, Steve, did you tell them they had the wrong man?

"DEFENSE COUNSEL: You Honor, he didn't have to tell them anything. He didn't—tell them anything and I object to the form of that question and also all the inferences therefrom.

"THE COURT: Objection overruled.

"Q. Did you ever tell any law enforcement officer that they had you for something that you didn't commit?

" * * *

"Q. Did you tell them who shot you?

"A. No.

"Q. This is the first time you told anybody who shot you?" (Tr. 377)

We find that this type of inquiry constituted fundamental error for the same reasons set forth in Buchanan v. State, 523 P.2d 1134 (Okl.Cr.App.1974), wherein we were faced with the same question. There we stated:

"It is the opinion of this Court that the crossexamination of the witness concerning her failure and the failure of her parents to come forward and make a statement prior to trial and the closing argument stressing same constitute fundamental error on behalf of prosecuting attorney. The defendant had a clear constitutional right to remain silent from the moment she became a suspect. The prosecuting attorney's comment upon the defendant's failure to make a statement or to raise her defense of an alibi prior to trial constitutes a clear, fundamental, and reversible error on the State's part. See United States v. Arnold, 425 F.2d 204 (10th Circuit, 1970); United States v. Nolan, 416 F.2d 588 (10th Circuit, 1969); and Deats v. Rodriguez, 477 F.2d 1023 (10th Circuit, 1973)."

We thus reverse and remand for a new trial.

In doing so we recognize however, the question here presented has never been passed on squarely by the Supreme Court of the United States and for that reason we urge the Attorney General to consider filing an appeal in the Supreme Court of the United States.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge (dissenting):

I must respectfully dissent to the decision in the instant case for the reasons set forth in my dissent in Buchanan v. State, cited above by the majority. As stated in my dissent therein, I would encourage the Attorney General of the State of Oklahoma to appeal to the United States Supreme Court for a clear and definitive ruling on the issue here presented.