**Alvin Daniel SANDS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–628.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1975.

Rehearing Denied Nov. 14, 1975.

Mac Oyler, Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Alvin Daniel Sands, hereinafter referred to as defendant, was convicted in a jury trial in the District Court, Oklahoma County, Case No. CRF–73–3337, of the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801, and was sentenced to twenty-five (25) years in the State penitentiary. From that judgment and sentence, a timely appeal has been perfected to this Court.

Some 19 witnesses testified at trial and the evidence was in conflict. Five witnesses testified that they were present in the Bandolero Club in Oklahoma City at 9:30 p. m. on November 14, 1973, when it was robbed by two men. One man, identified by two of the witnesses as the defendant, stood in the back of the room and carried a rifle. The other man, whose identity was not given, entered by the front door and held a pistol on the bartender until she gave him the contents of the cash register. After the two men left, a shot was heard.

An Oklahoma City police officer testified regarding his investigation of the robbery. Another four police officers testified to the circumstances surrounding the arrest of the defendant and the search of an automobile owned by Orlin Webster. Mr. Webster also testified at an in camera motion to suppress hearing. The testimony went to the voluntariness of a consent to search form signed by Mr. Webster, and to the authenticity of photographs of weapons which were recovered in that search.

Five witnesses testified that on the evening in question the defendant was in the Squeeze Inn, a bar located in Norman, Oklahoma, from 7:00 p. m. until the bar closed. The defendant also testified to his presence in Norman on that evening.

The defendant also called Donald Myers who testified to the lighting conditions of the Bandolero Club at the time of the robbery, and to his inability to recognize an indvidual under such conditions.

The State, on rebuttal, called Harold Neal, an Oklahoma City Police Officer, who testified regarding the post-arrest interrogation of the defendant.

■ Defendant brings five assignments of error, but only one of them will be considered herein. Defendant contends that it was error for the State to cross-examine the defendant concerning his failure to advise the officers of his alibi after arrest and concerning his request for an attorney prior to making a statement regarding the charge. With this argument we must agree.

■ The record is replete with references not only to the defendant's failure to speak up regarding his alibi at the time of his arrest, but also with questions regarding his refusal to sign a statement and his request to speak with his attorney. It is, of course, permissible to question the defendant about the alibi itself, or to impeach his testimony to the degree it is inconsistent with a statement which was made to the interrogator. It is not permissible to use against him his exercise of his right to silence.

This Court, in *Buchanan v. State,* Okl. Cr., 523 P.2d 1134 (1974), stated:

"It is the opinion of this Court that the cross-examination of the witness concerning her failure . . . to come forward and make a statement prior to trial and the closing argument stressing same constitutes fundamental error on behalf of the prosecuting attorney. The defendant had a clear constitutional right to remain silent from the moment she became a suspect. The prosecuting attorney's comment upon the defendant's failure to make a statement or to raise her defense of an alibi prior to trial con-

stitutes a clear, fundamental, and reversible error on the State's part. See *United States v. Arnold,* 425 F.2d 204 (10th Circuit, 1970); *United States v. Nolan,* 416 F.2d 588 (10th Circuit, 1969); and *Deats v. Rodriguez,* 477 F.2d 1023 (10th Circuit, 1973)."

In *Buchanan,* the questions on cross-examination were coupled with comments in closing arguments. The record before us does not contain the closing arguments, but because of the repetitious nature of the questioning by the District Attorney, and in light of our opinion in *Miles v. State,* Okl.Cr., 525 P.2d 1249 (1974), where error in closing argument was not relied upon, the cross-examination itself was enough to warrant reversal. In addition, the questioning of the interrogator, Officer Neal, came perilously close to the type of comment we held in error in *Burroughs v. State,* Okl.Cr., 528 P.2d 714 (1974). We did not reverse *Burroughs* because the admonition given to the jury was sufficiently strong to cure the prejudice of the question and answer, particularly when coupled with the overwhelming evidence of defendant's guilt. No such extenuating circumstances exist in this case.

■ We would also note that defendant's argument that the witnesses called by the defense may not be questioned about their failure to come forward with the alibi evidence is incorrect. In *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975), we held that the constitutional guarantee against self-incrimination and the right to remain silent are personal privileges which do not extend to the pre-trial silence of third parties.

Because of our disposition of this assignment of error, it is not necessary to discuss the other contentions of the defendant. For the reasons above stated, the judgment and sentence is Reversed and Remanded for a New Trial.

BRETT, P. J., and BUSSEY, J., concur.