James JONES, Petitioner,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.

No. 76–247C(2).

United States District Court, E. D. Missouri, E. D.

May 6, 1976.

---

James Jones, pro se.

Atty. Gen. John C. Danforth, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This is a petition for a writ of habeas corpus filed pro se by a prisoner of the State of Missouri. Petitioner was convicted of murder in the first degree and felonious assault. The convictions were affirmed by the Missouri Court of Appeals, St. Louis District. *State v. Jones,* 532 S.W.2d 772.

The petition alleges two grounds for relief, both of which were ruled adversely to petitioner by the Missouri courts. After examination of the pertinent state court records, we hold that petitioner is not entitled to the writ of habeas corpus.

Petitioner first contends that the trial court erred in permitting a police technician to testify that the size of powder marks on the murder victim's clothing indicated the distance from which the shot was fired. Basically, the complaint is that the state failed to lay a foundation for the testimony. However, as the Missouri Court

of Appeals pointed out, the subject was opened by defendant on cross-examination of the witness (who had testified only that the bullets recovered from the victim's body had been fired from the pistol seized from petitioner's automobile). On cross-examination, petitioner sought to show that on the basis of the size of the lead residue on his clothing, the pistol was close to the victim when fired. In its redirect examination, the state merely attempted to clarify the testimony by showing *how* close. Moreover, the evidence indicated the witness' expertise.

The point is wholly lacking in merit, even if no account be taken of the settled rule that questions relating to the admissibility of evidence are usually a matter of state law and procedure and that alleged evidentiary errors are not reviewable in a habeas corpus proceeding by a state prisoner unless they are so gross as to amount to a denial of due process. *Taylor v. State of Minnesota,* 466 F.2d 1119, 1121 (8 Cir. 1972). In view of the overwhelming evidence of guilt, petitioner could not possibly have been prejudiced by the redirect testimony of the police technician.

The remaining contention is that the trial court erred in denying petitioner's request for a mistrial when he was asked on cross-examination whether he had told the same story to the police as that to which he testified at the trial, namely, that he had shot the deceased in self-defense with the victim's gun. His counsel objected (out of the hearing of the jury) and moved for a mistrial immediately after petitioner answered the question in the negative. The trial court sustained the objection, ordered both the question and the answer stricken and explicitly instructed the jury to disregard them. Hence, the issue is whether the mere fact that the question was asked and answered necessarily, as a matter of constitutional right, mandates a mistrial.

There can be no question but that a person arrested for a crime has a right to remain silent and that the fact that he does so should not be used to discredit the testimony he later gives in court. The Missouri Court of Appeals adhered to these principles. Its decision was placed on the ground that the trial court was in the best position to determine the prejudicial effect of the incident upon the jury and to determine whether under the circumstances of this case corrective action short of a mistrial was sufficient to remove the possibility of prejudice.

There is a conflict among the Courts of Appeals over whether a defendant's Fifth Amendment privilege is violated if he is cross-examined about his silence during police interrogation. The District of Columbia, Second, Sixth, Ninth and Tenth Circuits have ruled this issue in the affirmative (*United States v. Anderson,* 162 U.S. App.D.C. 305, 498 F.2d 1038, *United States v. Semensohn,* 421 F.2d 1206, *United States v. Brinson,* 411 F.2d 1057, *Fowle v. United States,* 410 F.2d 48 and *Johnson v. Patterson,* 475 F.2d 1066), while the Third and Fifth Circuits have held to the contrary (*United States ex rel. Burt v. New Jersey,* 475 F.2d 234 and *United States v. Ramirez,* 441 F.2d 950). The Eighth Circuit has not ruled this issue.

Certiorari was granted in the *Anderson* case sub nom. *United States v. Hale.* However, the Supreme Court did not reach the broad constitutional issue. Instead, limiting its decision to "the facts of this case" and "under the circumstances of this case," the Court held that it was prejudicial error for the trial court to permit cross-examination of the defendant concerning his silence during police interrogation, and concluded "in the exercise of our supervisory authority over the lower federal courts," that the defendant was entitled to a new trial. *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99.

*Hale* was a robbery case. The facts are set forth in greater detail in the opinion of the Court of Appeals. At the time of his arrest, Hale had in his possession a sum of money. The record showed that when asked by the police where he got the money, he made no response. At the trial, after Hale had testified concerning the innocent source of the money he was carrying, the

prosecutor, on cross-examination, asked whether he had indicated to the police where the money came from, and received a negative answer. The prosecutor then asked the defendant "Why not?" to which he replied "I didn't feel it was necessary at the time." At this point, the trial court interrupted the prosecutor and informed the jury that Hale was not required to indicate where the money came from, adding that "You may disregard it, ladies and gentlemen."

■ The opinion of the Court of Appeals does not so indicate, but that of the Supreme Court states that a mistrial was requested and denied. However, without any further reference to the actual ruling of the district court, the Supreme Court decided the case on the premise that the trial court had held that the cross-examination was *permissible,* a situation wholly unlike that here present. So, too, in *Fowle,* supra (9 Cir. 1969), the prosecution was *permitted* not only to cross-examine the defendant concerning his silence at the time of his arrest, but to effectively *comment* upon it in his argument to the jury. *Brinson* (6 Cir. 1969) and *Johnson,* supra (10 Cir. 1973), are similar to *Fowle,* with the addition that in *Brinson,* the trial court itself emphasized the prejudicial effect of the interrogation by itself participating therein. *Semersohn,* supra (2 Cir. 1970), was a draft evasion case in which a new trial was ordered because of an unrelated impermissible interrogation. After so holding, the Court then ruled that the *cumulative* prejudicial effect of the questions relating to defendant's silence "removed(d) any doubt" that he was entitled to a new trial. In his traverse, petitioner relies upon a later Sixth Circuit decision, *Minor v. Black,* 527 F.2d 1 (6 Cir. 1975). In that case, not only was the subject pursued at some length without action by the trial court, but the silence of the defendant was emphasized by the prosecutor in his closing argument as a basis for conviction. It is thus apparent that no case squarely holds that without regard to the circumstances a new trial must be awarded in every case in which the prosecutor makes any attempt to question the defendant concerning his silence at the time of arrest.

The instant case involves just one short question and answer in a transcript of over 400 pages. The trial court took prompt corrective action to remove any inference unfavorable to petitioner which might otherwise have been drawn by the jury. Fully recognizing the impropriety of such interrogation, the Missouri Court of Appeals held that under the circumstances of this case, the trial court did not abuse its discretion in denying the motion for a mistrial. We agree.

■ Assuming that the prosecutor's question was error of a constitutional magnitude, even after the trial court instructed the jury to completely disregard the matter in arriving at their decision, we are convinced that any such error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Cf. *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340. In Hale's case (*United States v. Anderson,* supra (D.C.Cir. 1974), the Court of Appeals took note of the weak, confused and contradictory testimony by the complaining witness in holding that the error was not harmless beyond a reasonable doubt. Even so, the dissenting judge felt that any prejudice from the four line questions and answers was removed by the trial court's prompt cautionary instruction.

In *Minor,* supra, the majority of the panel was unable to find harmlessness beyond a reasonable doubt by reason of the cross-examination and closing argument because "evidence of petitioner's guilt was far from overwhelming" and his alibi was corroborated by other witnesses. It recognized, however, "that constitutional error in using pre-trial silence to impeach trial testimony may on occasion be harmless error." The present is one of those occasions. We believe that under the evidence properly admitted, no juror could have entertained a reasonable doubt as to petitioner's guilt and that there is no reasonable possibility that the single, isolated question and answer

here complained of contributed to petitioner's conviction.

In petitioner's case, the Missouri Court of Appeals took into consideration the fact that in denying a mistrial "the trial court was aware of the overwhelming weight of the evidence refuting defendant's self-serving [uncorroborated] testimony he had acted in self defense." We, too, are aware of the strength of the state's case against petitioner and have taken that into consideration in determining that "under the circumstances of this case" any error resulting from the single question and answer was harmless beyond a reasonable doubt.

It follows that the petition for a writ of habeas corpus should be denied.