**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John R. SAWYER, Jr., Defendant-Appellant.**

**No. 73–1099.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted June 20, 1973.

Decided Sept. 21, 1973.

---

Richard J. Smith, Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Victor K. Sizemore, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Richard B. Gavend, Denver, Colo., for defendant-appellant.

Before JONES *, SETH and DOYLE,

Circuit Judges.

PER CURIAM:

The appellant, John R. Sawyer, Jr., was convicted on all counts of a four count indictment charging violations of 21 U.S.C.A. § 841(a)(1). Counts I and II charged possession and distribution of heroin on May 17, 1972. Counts III and IV charged like offenses on May 27, 1972. He was sentenced to five years imprisonment on each count with the sentences to run concurrently.

The evidence showed that on May 17, 1972, Michael G. Salazar, a narcotic agent with the New Mexico State Police and working in the Drug Abuse Law Enforcement Program, was introduced to the appellant at his residence in Albuquerque by a confidential informant. Agent Salazar told the appellant that he wanted to purchase some heroin. After reaching an agreement as to the price, the appellant entered the house and shortly thereafter returned with ten tin foil packets of heroin which he sold to Agent Salazar for fifty dollars. After the agent thanked him for the heroin, the appellant indicated that he looked

---

* of the Fifth Circuit, sitting by designation.

forward to doing further business with Agent Salazar.

This transaction was watched by Special Agent Alan Caraway of the Bureau of Narcotics and Dangerous Drugs, Detective Sergeant Louis P. Romero of the Bernalillo County, New Mexico, Sheriff's Office, and Detective James Boman of the Albuquerque Police Department, all of whom were assigned to the office for Drug Abuse Law Enforcement.

On May 23, 1972 Agent Salazar again went to the appellant's residence. Agent Salazar testified that he was greeted by the appellant, and was asked by the appellant if he wanted to purchase some more heroin. Agent Salazar replied that he did. The appellant pointed to a woman standing in the yard and said to Agent Salazar, "Go see my old lady, she'll give you what you want." Salazar went to the woman, who identified herself as "Evelyn." The woman went into the house, and returned with ten tin foil packets of heroin which she handed to Agent Salazar in exchange for fifty dollars. This meeting was observed by Romero and Boman. The appellant testified in his own behalf and called three other witnesses. This testimony asserted an alibi defense. Each witness stated that the appellant was in Taos, New Mexico during the entire month of May, 1972, volunteering his services to the formation of a methadone clinic. There was testimony that during the time when the appellant claimed he was in Taos, the house was occupied by the appellant's nephew and his wife. The appellant denied being in Albuquerque during the month of May as well as expressly denying that he sold heroin to Agent Salazar. The appellant testified that he and his nephew were often mistaken for each other because of a similarity of appearance.

On rebuttal, Agent Salazar stated that he was certain that it was the appellant with whom he had dealt on May 17 and May 23. Agent Salazar further testified that he knew appellant's nephew and saw no resemblance between the two men.

Officer James Boman of the City of Albuquerque Police Department, who was a surveilling agent on both days, testified that he had known the appellant since 1962 or 1963, and that there was no doubt in his mind that it was the appellant who met Agent Salazar on May 17 and May 23.

During the trial Agent Caraway, one of those who were observers of the May 17th transaction, testified that Agent Salazar was in possession of heroin after meeting with the appellant. During cross-examination, the witness was asked questions and gave answers as follows:

Q: "Now this confidential informant, to your knowledge, was he a user of heroin?"

A: "Yes, sir."

Q: "Was he high that day, do you know?" . . . (after objection, question was allowed.)

Q: "You said that this cooperating individual was a heroin user, to your knowledge, correct?"

A: "No, I don't believe you said cooperating individual. Didn't you say"

. . .

Q: "Or confidential informant? The man that went with Mr. Salazar?"

A: "Well, I misunderstood you sir. I thought you were referring to the defendant. That the person whom"

. . .

At this point counsel for the appellant moved for a mistrial. The motion was denied. The court stated to the jury that whether or not appellant was a heroin user was not relevant to the issues before them and that it was withdrawn from their consideration.

In his argument, Government counsel made this statement to the jury:

"As I said, rarely can anything be proved beyond all possible doubt; beyond all possible doubt; so you have to sit, and you have been better to view the facts in this case in a better position than either Mr. McCarty [de-

fense counsel] or myself, because we have been concerned with trying a case; putting on evidence and so forth. So you should have the facts better than anyone in this courtroom; perhaps other than the defendant, himself, to make your decision on."

Counsel for the appellant moved for a mistrial, contending that the language was improper, inflammatory and prejudicial. The trial court overruled the motion and in so doing noted that the defendant had taken the stand and testified that he was not in Albuquerque during the month when the offenses were committed. The court observed that the statement was not one which it would recommend but it was not, under the circumstances of the particular case, prejudicial to the appellant. The remarks of counsel were oratory, neither more nor less. We cannot see that they were either helpful or harmful to either prosecution or defense.

■ When appellant's counsel asked witness Caraway on cross-examination if the "cooperating individual" was a heroin user, his affirmative answer was intended to refer to the defendant. The defendant was indeed cooperating if we are to believe, as the jury believed, of his cooperation in making sales of heroin. It cannot be said that the witness was not permitted to believe the reference was to the defendant. The ambiguous phrase was used by appellant's counsel and the prejudicial response, if it was prejudicial, was invited by appellant's counsel. The granting of a mistrial would not have been warranted and the denial of it was not error.

■ The appellant asserts that the evidence was insufficient to submit the cause to the jury on Counts III and IV, and that reversible error was committed in denying the appellant's motion for an acquittal. Then, with more ingenuity than law or logic, the appellant contends that, assuming an acquittal should have been directed on Counts III and IV, the conviction on Counts I and II was tainted by the submission to the jury of the charges of Counts III and IV along with Counts I and II. While the Count I and II transaction was not wholly unrelated to the Count III and IV transaction, the relationship was sufficiently remote in time as to render the error, if any there was, a harmless error.

■ We need not, and do not, consider whether there was evidence sufficient to submit Counts III and IV to the jury. There being no prejudicial error with respect to the Count I and II convictions, and the sentences on all counts running concurrently, the determination of validity of the conviction on any of the counts requires an affirmance of the judgment. Typical of the many pronouncements of this principle by this Court is the following:

"Where the conviction on one or more counts of a multi-count indictment is upheld, an appellate court need not determine the validity of convictions on other counts carrying sentences concurrent with that of the valid convictions." Baca v. United States, 10th Cir. 1967, 383 F.2d 154, 157, cert. den. 390 U.S. 929, 88 S.Ct. 868, 19 L.Ed.2d 994.

Since no reversible error is shown, the judgment and sentence of the district court is

Affirmed.