**UNITED STATES of America,**
**Appellee,**

v.

**William Wesley HARRIS and Robert**
**Lee Willis, Appellants.**

**Nos. 73-1432, 73-1433.**

United States Court of Appeals,
Tenth Circuit.

April 19, 1974.

Rehearing Denied May 22, 1974.

Edward F. Bachofer, Merriam, Kan., for appellant Harris.

Thomas E. Joyce, Kansas City, Kan., for appellant Willis.

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Glen S. Kelly and E. Edward Johnson, Asst. U. S. Attys., on the brief), for appellee.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

PER CURIAM.

William Wesley Harris and Robert Lee Willis, in two appeals consolidated in this court, appeal from judgments of conviction, after a jury trial, of having violated 18 U.S.C. §§ 2, 2113(a), and (d). Initially, seven codefendants were charged in the indictment for the bank robbery.

The trial below was the appellants' second, following reversal and remand by this court of the first. United States v. Harris, 462 F.2d 1033 (10th Cir.). Appellants, along with defendants Monroe and Odom, who are not before the court in this appeal, were convicted primarily out of the mouths of Colvin and Lewis, the active participants in the

bank robbery. Much of the appellants' briefs are concerned with the propriety of this "accomplice" or "informant" testimony.

Briefly stated, in the light most favorable to the Government, the record discloses the following events: On November 9, 1970, the Tower State Bank of Kansas City, Kansas, was robbed by Colvin and Lewis, who pleaded guilty before trial and testified against the other defendants. They testified that Harris and Willis arranged the overall plan of the robbery, including the theft of the "getaway" car by Fagan and another man, and "cased the heist" beforehand with them. Harris and Willis also arranged with Misses Odom and Monroe for a rendezvous where Colvin and Lewis would jump into the trunk of the women's rented car and be driven to a place where they could divide up the proceeds of this endeavor. All went according to plan, except that after the robbery the participants were not able to meet at Lewis' house because there were other people there; they met instead at the house of one Gordon. Harris and Willis helped in counting out the money which was divided among the various persons involved.

The record plainly shows that the witness Colvin had expectations of leniency in sentencing, and of non-prosecution for other offenses, both state and federal, in return for his appearance as a witness. Likewise, the witness Fagan had some hope that the fact that he would testify on behalf of the Government would be relayed to his Parole Board, as he was incarcerated at the time. These facts were thoroughly explored by defense counsel during the course of the trial, as were the rather extensive criminal records of these witnesses. Their credibility thus became a matter for the jury to resolve.

■■ The defendants urge that instructions referred to in On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270, and in Todd v. United States, 345 F.2d 299 (10th Cir.),

should have been given in this case. We find no facts in the record showing that any witness was an informer giving testimony in the circumstances referred to in the cited opinions. The testimony was given as accomplices, and adequate instructions were given on this point. The instructions, taken as a whole, United States v. Smaldone, 485 F.2d 1333 (10th Cir.); United States v. Beitscher, 467 F.2d 269 (10th Cir.), were adequate. See United States v. Owens, 460 F.2d 268 (10th Cir.); Butler v. United States, 408 F.2d 1103 (10th Cir.), and cases cited therein; cf. McGee v. United States, 402 F.2d 434 (10th Cir.). Specific instructions on identification could have been given, see Macklin v. United States, 133 U.S.App.D.C. 139, 409 F.2d 174, but the facts of this case fall within our decision in McGee and the District of Columbia Circuit's holding in Macklin.

■ The appellants also complain that statements made by the prosecution during closing argument were improper and prejudicial as an expression of belief in both the guilt of the defendants and the credible veracity of the prosecution's witnesses. We cannot agree. As the prosecuting attorney stated, in closing: "We have captured the two bank robbers that went in; we asked them what happened; they told us what happened; they told you what happened and defense counsel says they are lying. That is as simple as the whole case is." Defense counsel, in closing, stated that Colvin and Fagan were "plain unadulterated fabricators of lies," "people who fabricate things," "unworthy of belief," and "congenital liars." Any remarks that the prosecution may have made were not prejudicial, see United States v. Coppola, 479 F.2d 1153 (10th Cir.); Bailey v. United States, 410 F.2d 1209 (10th Cir.); Devine v. United States, 403 F.2d 93 (10th Cir.), and were in a fair response to the basic issue, raised by the defense, of the accomplices' testimony. Cf. United States v. Sawyer, 485 F.2d 195 (10th Cir.). The trial court made it clear during the course of clos-

ing argument that all of the arguments of counsel, both for the defense as well as prosecution, were not evidence but simply arguments. Included in the court's charge to the jury was the further admonition that "statements and arguments of counsel are not evidence in the case. . . ."

 Viewed in the light most favorable to the Government, the evidence supports the jury's finding of guilt. Thus the trial court properly denied the motion for acquittal and the motion for new trial. *See, e. g.*, United States v. Acree, 466 F.2d 1114 (10th Cir.), and cases cited therein.

Other claims made by the appellants have been considered and determined to lack merit.

The judgment of the district court in each case is affirmed.