Manuel Lee RUNNELS, Petitioner-Appellee, Cross-Appellant,

v.

Norman HESS, Warden, and The Attorney General of the State of Oklahoma, Respondents-Appellants, Cross-Appellees.

Nos. 80–1081 and 80–1083.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 13, 1981.

Decided July 13, 1981.

Logan, Circuit Judge, dissented in part with an opinion.

by the prosecutor's comment on the invocation of his privilege against self-incrimination; (2) procedural default in the state trial court precludes federal habeas corpus relief on his Fifth Amendment claims; (3) right to due process of law was abridged by the prosecutor's use of false testimony; and (4) was denied effective assistance of counsel.

Richard W. Yolles, Denver, Colo., for petitioner-appellee, cross-appellant.

William Roy Holton, Jr., Asst. Atty. Gen., Oklahoma City, Okl. (Jan Eric Cartwright, Atty. Gen. of Oklahoma, and C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, Okl., on the brief), for respondents-appellants, cross-appellees.

Before BARRETT and LOGAN, Circuit Judges, and KERR, District Judge.*

BARRETT, Circuit Judge.

Respondent Norman Hess, Warden of the Oklahoma state penitentiary, appeals the grant of a writ of habeas corpus to Manuel Lee Runnels, a State of Oklahoma inmate. Runnels cross-appeals the denial of relief on several other issues presented below.

Runnels was convicted in an Oklahoma state court of first degree rape. *See Runnels v. State*, 562 P.2d 932 (Okl.Cr.1977), *cert. denied*, 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179 (1977).[1] Following the exhaustion of his state remedies, Runnels brought this action for the issuance of a writ of habeas corpus. The District Court granted the petition, finding/ruling that the prosecutor abridged Runnels' privilege against self-incrimination by commenting on his failure to testify in his own behalf.

The issues presented are whether Runnels' (1) constitutional rights were abridged

*Of the United States District Court for the District of Wyoming, sitting by designation.

## Privilege Against Self-Incrimination

### A.

Hess argues that the prosecutor did not impermissibly refer to Runnels' invocation of his Fifth Amendment privilege against self-incrimination. We disagree.

In reviewing a state prosecutor's conduct in a habeas corpus action, we are precluded from applying the broad supervisory powers available on direct review. *Donnelly v. De Christoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Soap v. Carter*, 632 F.2d 872 (10th Cir. 1980); *Young v. Anderson*, 513 F.2d 969 (10th Cir. 1975). Rather, habeas corpus relief is available only when the state has "violated some right ... guaranteed by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). *See also: Donnelly v. De Christoforo, supra*, 416 U.S. at pp. 642–643, 94 S.Ct. at 1871.

Prosecutorial comment in a state criminal trial upon an accused's failure to testify violates the self-incrimination clause of the Fifth Amendment and the Fourteenth Amendment. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). This occurs where the prosecutor's argument "was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955).

1. The facts of the case are detailed in *Runnels v. State, supra.* They will be referred to only when necessary to illuminate the issues presented.

Our decisions have distinguished between prosecutorial statements implying guilt or challenging credibility, and those relating to an accused's failure to testify. For decisions in the first category, *see United States v. Bridwell*, 583 F.2d 1135 (10th Cir. 1978); *United States v. Walton*, 552 F.2d 1354 (10th Cir. 1977), *cert. denied*, 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977); *United States v. Bennett*, 542 F.2d 63 (10th Cir. 1976), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 757, 50 L.Ed.2d 763 (1977); *United States v. Bishop*, 534 F.2d 214 (10th Cir. 1976); *Sanchez v. Heggie*, 531 F.2d 964 (10th Cir. 1976), *cert. denied*, 429 U.S. 849, 97 S.Ct. 135, 50 L.Ed.2d 122 (1976); *United States v. Fancutt*, 491 F.2d 312 (10th Cir. 1974); *United States v. Sawyer*, 485 F.2d 195 (10th Cir. 1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974); *United States v. Hodges*, 480 F.2d 229 (10th Cir. 1973); *United States v. Lepiscopo*, 458 F.2d 977 (10th Cir. 1972); *United States v. Reid*, 415 F.2d 294 (10th Cir. 1969), *cert. denied sub nom. Jones v. United States*, 397 U.S. 1022, 90 S.Ct. 1261, 25 L.Ed.2d 531 (1970); and *Ruiz v. United States*, 365 F.2d 103 (10th Cir. 1966) (implying guilt or commenting on the evidence). For decisions falling in the second category, *see United States v. Gilliland*, 586 F.2d 1384 (10th Cir. 1978); *Deats v. Rodriguez*, 477 F.2d 1023 (10th Cir. 1973); *United States v. Arnold*, 425 F.2d 204 (10th Cir. 1970); *Doty v. United States*, 416 F.2d 887 (10th Cir. 1968), *vacated as to Epps only*, 401 U.S. 1006, 91 S.Ct. 1247, 28 L.Ed.2d 542 (1971); *United States v. Nolan*, 416 F.2d 588 (10th Cir. 1969), *cert. denied*, 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187 (1969); and, *Collins v. United States*, 383 F.2d 296 (10th Cir. 1967) (commenting on invocation of Fifth Amendment privilege). Statements in the first category do not automatically call for reversal of the conviction; however, remarks made relative to an accused's failure to testify normally do.

The fine line between what is permissible argument in this area is not always bright. Here, however, the prosecutor's arguments crossed the limits of permissible conduct. We must agree with the Oklahoma Court of Criminal Appeals that a "significant portion of the prosecutor's closing argument, when taken as a whole, improperly emphasized the defendant's failure to testify." *Runnels v. State, supra*, at p. 937. The District Court's assessment of the remarks summarizes our views:[2]

In this case, the statements of the prosecutor in his closing argument were not limited to a single reference to uncontradicted testimony. His statements referred individually to each item of evidence offered by the prosecution, and on two occasions, to the act itself. In the facts of this case, no person other than the defendant could have testified in contradiction of the testimony of the prosecutrix with regard to the act itself or with regard to the issue of force and the fear expressed by her. Fonzell Hamilton was called as a state's witness and testified to the actions and occurrences which led up to the act itself. His testimony tended to corroborate that of the prosecutrix on certain of the force and fear aspects, but could not go to the act itself, as he was not present when it occurred. Cross-examination of this witness was directed primarily to the credibility of the prosecutrix and brought out certain inconsistencies and contradictions in her testimony, including her consent to have sexual relations with the witness and the use of marijuana by the witness, the prosecutrix and petitioner on the night in question. Petitioner's only witness was the girl-friend of the petitioner, whose testimony added little or nothing to the evidence of events which took place on the evening in question. Her testimony, however, did bring out certain additional contradictions and inconsistencies in the testimony of the prosecutrix, particularly her testimony as to her chastity prior to the alleged rape.

R., Vol. I, p. 85.

---

2. Some of the remarks are reprinted at *Runnels v. State*, 562 P.2d, pp. 936–937.

Had it been apparent on the record that the critical facts at the time of penetration could have been controverted by someone other than the accused, the argument would not have been objectionable. However, no one but Runnels could have contradicted the prosecutrix. Thus, the innuendo was sufficiently plain, as was the error.[3] *Doty v. United States, supra.*

## B.

Despite the constitutional error, Hess contends that federal habeas corpus relief is not available. He argues that Runnels' failure to object at trial constituted independent, adequate state procedural grounds for the state court's resolution of the Fifth Amendment claims.

Error at trial not objected to, in contravention of state contemporaneous objection rules, is unreviewable in habeas corpus proceedings absent a showing of cause for non-compliance and prejudice. *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).[4] The only exception occurs where "neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule." *Ulster County Court v. Allen, supra,* 442 U.S. at p. 154, 99 S.Ct. at 2216. The exception does not apply here. The

Oklahoma Court of Criminal Appeals clearly refused to reach the assignment of error on state procedural grounds. *Runnels v. State, supra,* at p. 937.

Initially, we note that Oklahoma does have a fundamental error exception to the contemporaneous objection rule. *See Smith v. State,* 599 P.2d 413 (Okl.Cr.1979), *cert. denied,* 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980); *Russell v. State,* 528 P.2d 336 (Okl.Cr.1974); *Neal v. State,* 506 P.2d 936 (Okl.Cr.1973). Some have read *Wainwright v. Sykes* to allow complete federal review under these circumstances. Our interpretation of *Wainwright v. Sykes* differs. The *Sykes* rule was designed to avoid the effect of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1961)—which encouraged "sandbagging" on the part of defense lawyers, "who may take their chances on a verdict of not guilty in a state trial court with the intent to raise their constitutional claims in a federal habeas court if their gamble does not pay off." *Wainwright v. Sykes, supra,* 433 U.S. at p. 89, 97 S.Ct. at 2508. Carving out fundamental error exceptions to *Sykes* would seriously undermine its force. As a panel of the Court of Appeals, we are not empowered to do so. *Accord: Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir. 1980), *opinion on rehearing,* 633 F.2d 443 (6th Cir. 1980).

*Sykes* dictates that cause and prejudice must be shown in order to obtain federal habeas corpus relief. With that dictate firmly in mind, we now turn to an examina-

---

**3.** Judge Barrett does not believe that the prosecutor's closing argument should be construed as comments on the failure of Runnels to testify. In my view these comments, under the circumstances of this record, more accurately describe the prosecutor's conviction that the prosecutrix's credibility relative to the alleged sexual attack is unchallenged and that her testimony was truthful. The remarks followed defense counsel's strong attack on the prosecutrix's credibility. As I view the matter, each of the areas of testimony referred to in the prosecutor's remarks were areas covered by testimony of others. Fonzell Hamilton, who was

present during the sequence of events leading to the actual alleged rape, corroborated the prosecutrix's testimony that Runnels threatened her and physically abused her. A doctor testified as to the presence of sperm. Thus, I do not believe that the jury naturally and necessarily took the prosecutor's language to constitute comment on the accused's failure to testify.

**4.** We see no difference between judicially created contemporary objection rules and statutorily created state rules.

tion of those elements.[5] Implicit within our holding of prosecutorial error is a finding of prejudice. The magnitude of the error in this case rises to a denial of a fundamental right.

The precise makeup of the cause prong of *Sykes* has not been detailed by the Supreme Court. Mr. Justice Stevens has indicated that such factors as the competence of counsel and the procedural context in which the waiver occurred may bear on the determination. *Wainwright v. Sykes, supra*, 433 U.S. at p. 96, 97 S.Ct. at 2511 (Stevens, J. concurring). Subsequent decisions have adopted these factors. *See Tyler v. Phelps*, 622 F.2d 172 (5th Cir. 1980).

■ While we elect not to paint with a brush as broad as the *Tyler* court, we nevertheless adopt much of its reasoning. We agree that in *some* instances "ineffective counsel, short of that necessary to make out a Sixth Amendment claim, will satisfy the 'cause' prong." *Id.* at p. 177. This discourages "sandbagging", while affording relief from "erroneous, nontactical decisions by counsel" resulting in prejudice. *Id. See, e. g., Rachel v. Bordenkircher*, 590 F.2d 200 (6th Cir. 1978) (affidavits by defense counsel showed inexperience, inattention and lack of knowledge of applicable law).

■ The District Court impliedly found the cause element to be satisfied. We, however, are unable to find any facts in the record bearing on defense counsel's reasons or cause for noncompliance with the Oklahoma contemporaneous objection rule. Accordingly, it is not clear whether the failure to object resulted from a tactical decision. Proof of cause for noncompliance is essential; mere speculation that it existed is not enough.

Further complication arises from the District Court's finding/conclusion that "[c]ounsel's representation of petitioner herein was competent and effective throughout and his failure to timely object to the prosecutor's improper comments does not render his representation constitutionally ineffective." R., Vol. I, p. 88. Cause for non-compliance and ineffective assistance of counsel are patently intertwined.

Rather than bluntly deny relief, *Lewis v. Cardwell*, 609 F.2d 926 (9th Cir. 1979), we will remand for reconsideration of the cause element, keeping in mind its interface with the ineffective assistance of counsel claim. *Tyler v. Phelps, supra; Hockenbury v. Sowders, supra.*[6] The remand is limited to reconsideration of these two areas—neither of which we now intimate views on their merits. The *Sykes* rule cannot be circumvented if the cause element is not established. The Sixth Amendment claim may be reexamined in light of intervening decisions. *See Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).[7]

### Remaining Contentions

Having reviewed the perjured testimony and knowing use of false evidence claims,

5. It is possible to argue that if prejudice to the petitioner is clear, cause for non-compliance with the procedural rule need not be shown. *Sumner v. Mata*, 449 U.S. 539, 548, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981) (" 'cause' or 'prejudice' " in dicta). However, this view has been rejected. *Francis v. Henderson, supra; Cole v. Stevenson*, 620 F.2d 1055, 1062, n. 7 (4th Cir. 1980) (en banc).

6. The burden of proving the existence of legally sufficient cause for noncompliance with the Oklahoma contemporaneous rules rests with the Petitioner. A factual basis supporting the Petitioner's position must be established on the record. Thus, an evidentiary hearing on the matter should be held. This will allow the District Court to provide specific reasoning for its decision and provide a sufficient record for appellate review.

7. We agree with the dissent that "the state's case was relatively weak." Infra at p. 1368. It is precisely for this reason that remand is appropriate to determine whether there was cause for noncompliance with the state procedural rule.

The fourteen year old prosecutrix was directly impeached concerning her prior chaste conduct. A witness testified that she had inadvertently observed the prosecutrix and her boyfriend engaging in intercourse, prior to the rape, on the floor of the same room in which the witness was sleeping. Use of marijuana by the prosecutrix during the events leading to the rape was also uncovered.

we find them unpersuasive. Similarly, no error occurred in the District Court's denial of Runnels' request for an evidentiary hearing on these two issues.

VACATED AND REMANDED.

LOGAN, Circuit Judge, concurring in part and dissenting in part:

I agree with much of the majority opinion, but I cannot agree with its interpretation of the effect of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), as applied to the problem before us. I would affirm the trial court's grant of the writ of habeas corpus rather than remand for a hearing on whether the decision not to object to the prosecutor's comments was deliberate and tactical.[1]

Habeas corpus in the federal courts has had a checkered development, particularly with regard to the availability of relief in cases in which state courts have refused to consider federal claims because of a petitioner's noncompliance with state procedural requirements. *See Fay v. Noia,* 372 U.S. 391, 449–463, 83 S.Ct. 822, 854–61, 9 L.Ed.2d 837 (1963) (Harlan, J., dissenting). Prior to *Fay v. Noia* habeas corpus relief would not lie for a prisoner detained pursuant to a state judgment that rested upon the reason-able application of a state's own procedural requirements. 372 U.S. at 461–62, 83 S.Ct. at 860–61. In *Fay v. Noia* the Supreme Court made a broad departure from prior law, holding that a failure to comply with state procedural requirements could not bar habeas corpus relief in the federal courts, since the state interest in the orderly administration of justice is insufficient to deprive a person of an effective remedy against unconstitutional confinement. 372 U.S. at 433–34, 83 S.Ct. at 845–46. The Court, however, held that a federal judge could, in his discretion, deny habeas corpus relief, on equitable grounds, to an applicant who had "deliberately by-passed the orderly procedure of the state courts." 372 U.S. at 438, 83 S.Ct. at 848–49.

The next significant case is *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). There the Supreme Court recognized a fundamental difference between a federal habeas corpus review of confinement based upon independent state substantive grounds and confinement based upon state procedural grounds. If confinement is based on substantive grounds, resolution of the federal question could not affect the outcome, as long as the state court decision on the state law question is allowed to stand. 379 U.S. at 446–47, 85

---

Given the damaging testimony and the weakness of the state's case, defense counsel may well have been willing to take his chances on a verdict of not guilty, intending to raise constitutional issues if the gamble did not pay off.

1. I disagree, of course, with the conclusions in footnote 3 of the majority opinion, which purport to state only Judge Barrett's view. I agree with the Oklahoma Court of Criminal Appeals that the prosecutor's remarks, taken as a whole, are improper comment on defendant's failure to testify. That conclusion was based mainly on the following comments by the prosecutor in closing argument, excerpted in a footnote to the Oklahoma court's opinion:

    " 'And I submit to you that if he—that *if the defendant did not* rape this prosecuting witness, *there would be some evidence to rebut it.* There would be some evidence to rebut it. If he didn't hit her there would be some evidence today by the defense to rebut it. If he didn't choke her three times there would be some evidence *by the defendant* to

rebut it. Did you hear any? Not one bit, not one bit, didn't hear a bit.

    " '. . . If it wasn't true there would be *testimony here to say that he* did not rape her. There would be testimony here to say that he didn't hit her. There would be *testimony here to say that he* didn't hit her. There would be *testimony here to say* that he didn't strike her and there would be *testimony to show that he* didn't tear her blouse.

\* \* \* \* \* \*

    " 'So when you go to your jury room think in your mind, please, *why wasn't there some testimony refuting this. Why wasn't there?* . . .

    " '. . . And she's laying down there in the seat by this defendant. *Is there any testimony to refute that? No, not one.*' "

*Runnels v. State,* 562 P.2d 932, 937 n.6 (Okl. Cr.), *cert. denied,* 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179 (1977) (emphasis added by Oklahoma court).

S.Ct. at 566–67. However, a state procedural default which is held to bar a challenge to a conviction in state court prevents implementation of the federal right at the state level. Consequently, "the question of when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question." 379 U.S. at 447, 85 S.Ct. at 567. Thus, "a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the *enforcement* of a procedural forfeiture serves such a state interest." *Id.* (emphasis added). *See also NAACP v. Alabama,* 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964); *Staub v. City of Baxley,* 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958); *Williams v. Georgia,* 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955).

The Supreme Court retreated somewhat from *Fay v. Noia* in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), holding that independent and adequate state procedural grounds could bar federal habeas corpus review "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." 433 U.S. at 84, 97 S.Ct. at 2505. The Court desired to give greater respect to state court rules and recognize that procedural rules, including the contemporaneous objection rule, serve important interests in many situations. Concerning the application of the contemporaneous objection rule to the admissibility of inculpatory statements made by an accused, the Court noted that compliance with the rule results in a better appellate record and can lead to the correction of errors at the trial level, thus promoting finality. Additionally, disregard of the rule detracts from the perception of the trial as a portentous and decisive event. Finally, it thought a broad application of *Fay v. Noia* encouraged "sandbagging" by defense lawyers. 433 U.S. at 88–90, 97 S.Ct. at 2507–08.

Although *Wainwright* signals a new approach to analyzing the effect of adequate state procedural rules upon federal habeas corpus proceedings, it leaves unchanged the underlying premise of *Henry v. Mississippi* that the federal judiciary is not bound by state procedural rules that are unreasonable on their face or are unreasonably or inconsistently applied. *Wainwright v. Sykes,* 433 U.S. at 107–08, n.9, 97 S.Ct. at 2517, n.9 (Brennan, J., dissenting). The *Wainwright* majority recognized the continuing validity of this principle by determining, prior to going to the issue of cause and prejudice, that the accused's failure to challenge his confession at trial in accordance with Florida's contemporaneous objection rule amounted to an independent and adequate state procedural ground which prevented direct review under *Henry.* 433 U.S. at 87, 97 S.Ct. at 2506–07.

With respect to improper prosecutorial comments made in closing argument on a defendant's failure to testify in his own behalf, I believe that enforcement of Oklahoma's contemporaneous objection rule fails to serve a legitimate state interest under the *Henry v. Mississippi* test. Thus it should not bar this Court from reviewing the federal question. *Wainwright* states that the contemporaneous objection rule, as applied to admissibility of confessions, serves a proper state purpose because it makes for a better appellate record, allows correction of errors at the trial level, thus promoting finality, and prevents sandbagging by attorneys. Because the prosecuting attorney's remarks in this case are a matter of record and are irremediably prejudicial, the first two justifications for the rule are inapplicable to this particular case.

Oklahoma courts have construed Okla. Stat.Ann. tit. 22, § 701 (West 1969) to *require* the granting of a new trial should the prosecutor comment on defendant's failure to testify. *Clark v. State,* 91 Okl.Cr. 210, 218 P.2d 410, 413 (1950); *White v. State,* 76 Okl.Cr. 147, 134 P.2d 1039, 1041 (1943). A mandatory mistrial logically flows from the

conclusion of the Oklahoma court in the instant case that "admonishment to the jury would only compound the error" created by the prosecutor's comments on the refusal to testify. 562 P.2d at 937. *See also Hanf v. State*, 560 P.2d 207, 212 (Okl. Cr.App.1977). Because the prosecutorial comments in this case occurred at the end of trial and would have resulted in an automatic mistrial had an objection been raised, the state interests in finality and efficiency in the administration of justice are not served by the application of Oklahoma's contemporaneous objection rule.

*Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), held that comments by a state prosecutor in a state criminal proceeding on the accused's silence violates the accused's rights under the Fifth Amendment, as made applicable to the states by the Fourteenth Amendment. Referring to and relying upon *Henry, supra*, the Supreme Court held in *Camp v. Arkansas*, 404 U.S. 69, 92 S.Ct. 307, 30 L.Ed.2d 223 (1971) (reversing 249 Ark. 1075, 467 S.W.2d 707 (1971)), that a defendant's procedural default in not objecting to the prosecutor's comment does not bar consideration of his constitutional claim. This Court has repeatedly held that prosecutorial comments on the defendant's silence constitute an error so plain, fundamental, and serious that the lack of a contemporaneous objection does not bar review. *Deats v. Rodriguez*, 477 F.2d 1023 (10th Cir. 1973);[2] *United States v. Arnold*, 425 F.2d 204 (10th Cir. 1970); *United States v. Nolan*, 416 F.2d 588 (10th Cir.), *cert. denied*, 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187 (1969).

Oklahoma has an exception to the contemporaneous objection rule for remarks that are "so fundamentally prejudicial that the error cannot be corrected by instruction to the jury." *Russell v. State*, 528 P.2d 336, 341 (Okl.Cr.App.1974). This exception was not mentioned in the Oklahoma Court of Criminal Appeals opinion in the instant case, unless encompassed by the following remarks:

> "Defense counsel must preserve the error by timely objecting to the comment and moving for a mistrial, the only remedy available since an admonishment to the jury would only compound the error. *Hanf v. State, supra.* To the extent that *any* prior case decided by this Court is inconsistent with the above rule, it is specifically overruled."

562 P.2d at 937. Why the court did not specifically address the fundamentally prejudicial exception rule remains a mystery. I cannot treat the remark about overruling any inconsistent decision as intending to declare that the fundamentally prejudicial exception does not apply to prosecutorial comment on failure to testify, especially in view of the fact that the exception has, since then, been repeated and applied in other prosecutorial comment cases. *See Smith v. State*, 599 P.2d 413 (Okl.Cr.App. 1979), *cert. denied*, 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980); *Brooks v. State*, 566 P.2d 147, 148 (Okl.Cr.App.1977); *Grayson v. State*, 565 P.2d 681, 684 (Okl.Cr.App. 1977).

The only possible legitimate state interest that could be served by application of the contemporaneous objection rule in this case is an interest in preventing "sandbagging" by the defense attorney. In the abstract, this interest alone should not validate the application of state procedural bars, for by doing so the requirements of *Henry* would always be met and, thus, rendered without substance. Nothing suggests sandbagging took place in this case. Since the damaging comments were made in an indirect manner, their implication may not have been appreciated by Runnels' counsel at the time they were made. The state has not suggested that a deliberate by-pass was made, and it seems highly unlikely that defendant's counsel took such a course. Runnels' first trial resulted in a hung jury; an auto-

---

2. The ruling in *Deats* concerned the application of a state contemporaneous objection rule to bar federal habeas corpus review. Thus, it appears to be of direct precedential value.

matic mistrial at the close of the second trial would most likely have greatly strengthened Runnels' bargaining position for purposes of plea bargaining. In addition, from the record it appears that Runnels has spent years in confinement since his trial. This risk is inherent in a sandbagging approach and heavily militates against that course of action.

Even if we ignore *Henry v. Mississippi* entirely and apply simply the cause and prejudice approach of *Wainwright,* I think we should affirm the grant of the writ of habeas corpus. As the majority opinion notes, the "prejudice" prong of the *Wainwright* analysis has been satisfied. The state appellate court itself declared that if counsel had objected a new trial would have been granted. Shifting to the "cause" prong, there are only three possibilities for counsel's failure to object: ignorance of the state rule; failure to realize the implication of the remarks; or deliberate by-pass in a hope that the jury would acquit and end defendant's ordeal. The first two possibilities involve erroneous, nontactical decisions by counsel and should not bar defendant's constitutional rights. As recited above, deliberate by-pass is very unlikely, considering there was a hung jury in a prior trial, the state's case was relatively weak,[3] the error would automatically entitle defendant to a new trial if objection was made, and failure to object raised the possibility of years in prison and no relief at all. I would find an attorney who would deliberately by-pass the objection in this context has not met the standards we now require for competency of counsel.

For the reasons stated above, I would affirm the district court grant of the writ.

---

**3.** See discussion of the facts and evidence in the Oklahoma appellate opinion, 562 P.2d at 933–936.