**Manuel Lee RUNNELS,
Petitioner-Appellee,**

v.

**Norman B. HESS, Warden, and Jan Eric
Cartwright, Attorney General of Okla-
homa, Respondents-Appellants.**

No. 82–1281.

United States Court of Appeals,
Tenth Circuit.

July 29, 1983.

Jan Eric Cartwright, Atty. Gen., Oklaho-
ma City, Okl., (John E. Douglas, Robert A.
Nance, Asst. Attys. Gen., on briefs), for
respondents-appellants.

Gordon W. Edwards, Jr., Oklahoma City,
Okl., for petitioner-appellee.

Before BARRETT and LOGAN, Circuit
Judges, and KERR, District Judge of the
United States District Court for the District
of Wyoming, sitting by designation.

## ORDER ON REMAND

BARRETT, Circuit Judge.

This case came before this court on ap-
peal from the district court's grant of a
writ of habeas corpus to Runnels, an Okla-
homa state inmate, in 1981. *See Runnels v.
Hess,* 653 F.2d 1359 (10th Cir.1981). Run-
nels, who had been convicted for rape and
sentenced to 63 years imprisonment, ex-
hausted his state remedies without avail.
The federal district court granted the writ,
finding that the prosecutor abridged Run-
nels's Fifth Amendment privilege against
self-incrimination by commenting on Run-
nell's failure to testify.[1] On appeal, the
majority of this court's panel, (Judges Lo-
gan and Kerr) concurred in the trial court's
finding that Runnels's Fifth Amendment

---

1. The Oklahoma Court of Criminal Appeals
previously noted that "a significant portion of
the prosecutor's closing argument, when taken
as a whole, improperly emphasized the defend-
ant's failure to testify." *Runnels v. State,* 562
P.2d 932, 937 (Okla.Cr.App.), *cert. denied,* 434
U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179 (1977)
(footnote omitted). The Oklahoma Court of
Criminal Appeals nevertheless denied Runnels

any relief based upon defense counsel's failure
to preserve the error by timely objecting to the
prosecutor's comments and moving for mis-
trial, stating that such procedure was "the only
remedy available since an admonishment to the
jury would only compound the error." 562
P.2d at p. 937. In *Runnels v. Hess, supra,* we
noted that *Oklahoma does have a fundamental
error exception to the contemporaneous objec-*

privilege was abridged by virtue of the prosecutor's remarks. Judge Barrett was of the view that the prosecutor's remarks described the prosecutor's conviction that the victim's credibility relative to the alleged sexual attack went unchallenged and that her testimony was truthful. A majority of the panel (Judges Barrett and Kerr) directed that the order of the district court be vacated and the case remanded for further proceedings, relying on *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The majority held that Runnels's failure to make a timely objection to the prosecutor's remarks, in keeping with Oklahoma's contemporaneous objection rule, precluded federal habeas corpus relief unless cause could be shown for noncompliance and that prejudice to the defendant resulted therefrom. We were of the view that prejudice had been demonstrated. No cause, however, had been advanced. Judge Logan, in dissent on this issue, stated that *Sykes* must be read in conjunction with *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). In the *Henry* case, the Court held that procedural defaults in state criminal proceedings do not prevent vindication of federal constitutional rights unless the procedural rule serves a legitimate state interest. Judge Logan reasoned that *Henry* must be applied to determine whether a legitimate state interest existed before the cause and prejudice test is applied because, in the case at bar, an objection by the defense to the prosecutor's remarks would have resulted in a mistrial. Judge Logan would have affirmed the district court's grant of the writ.

On the third remand from this court to the district court, we directed that the district court enter specific findings on the effect, if any, of the Supreme Court decisions entitled *Engle v. Isaac,* 456 U.S. 107,

102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), in relation to whether Runnels has established or demonstrated the cause and actual prejudice prongs necessary for habeas relief pursuant to 28 U.S.C.A. § 2254.[2] We retained jurisdiction on all other issues in the case.

The district court's "Findings on Partial Remand" entered May 26, 1983, state, in part:

That, as intimated but not specifically found in this court's June 15, 1982 additional findings, plaintiff has not made the requisite showing of "cause" or "actual prejudice" upon which habeas corpus relief may be granted under *Engle v. Isaac* and *United States v. Frady, supra.* Reference is also made to *Davis v. United States,* 411 U.S. 233 [93 S.Ct. 1577, 36 L.Ed.2d 216] (1973); *Francis v. Henderson,* 425 U.S. 536 [96 S.Ct. 1708, 48 L.Ed.2d 149] (1976); *Wainwright v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1972), and *Tyler v. Phelps,* 643 F.2d 1095 (5th Cir.1981).

The findings set out above demonstrate that this court erred in entering Judgment granting the petition for writ of habeas corpus.

[R., Supp. Vol. II, p. 4]. We agree.

When this matter was before the district court on remand, Runnels's state criminal trial counsel was deceased. Accordingly, Runnels's trial counsel was not available to present any facts, if any there be, indicating a reasonable cause for his failure to object to the prosecutor's closing argument, as required by Oklahoma's contemporaneous objection rule.

The district court's analysis of the import of *Isaac* and *Frady* to this case is well articulated in the court's "Additional Find-

---

*tion rule.* 653 F.2d at p. 1363. The exception, for whatever reason, was not applied by the Oklahoma state courts in Runnels's case.

**2.** Where the law changes while a case is on appeal, the general rule is that the appellate court must apply the law in effect at the time of its decision on appeal unless manifest injustice would occur. *Bradley v. Richmond School*

*Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Key v. Rutherford,* 645 F.2d 880 (10th Cir.1981). The district court did not, of course, have the benefit of the "cause" and "prejudice" prongs requirements articulated in *Isaac* and *Frady* when it initially heard this case and granted the writ.

ings on Partial Remand" entered June 15, 1982, *inter alia:*

Based upon this court's review of the opinions of the Supreme Court of the United States in *Isaac* and *Frady, supra,* issued subsequent to this court's February 2 Opinion and Order, and of *Tyler II,* it appears that under current law, petitioner herein may not have satisfied the "cause" prong of *Sykes.*

This possibility is suggested by the emphasis placed, in *Isaac,* upon principles of comity and finality of state court criminal judgments; upon the strong indication in *Isaac* and *Frady* that the Supreme Court of the United States would not accept as adequate a finding of "cause" based wholly upon circumstantial and speculative factors, as is the case here; upon the clear distinction drawn in *Frady* between standards of proof applicable upon direct appeal and upon subsequent collateral attack; upon the vacation by the Court of Appeals for the Fifth Circuit of its opinion in *Tyler I,* portions of which had been heavily relied upon by this court in reaching its decision; and upon the holding in *Tyler II,* which appears to require a clear and unequivocal showing of "cause".

The statements of the prosecutor herein, in his closing argument, violated petitioner's constitutional rights. The prosecutor's indirect comments on petitioner's failure to testify in his own behalf were clearly improper, as has been recognized by the Court of Criminal Appeals of the State of Oklahoma and by the Court of Appeals for the Tenth Circuit, in remanding this case to the undersigned for an evidentiary hearing on the "cause" issue. *Runnels v. Hess, supra.* It is equally true, however, that the constitutional rights of Sykes, Isaac and Tyler were all admittedly violated and that had an objection been contemporaneously made at trial in any of their cases a new trial undoubtedly would have been granted. The teaching of *Isaac* and *Frady,* as applied to petitioner's case, would appear to be that in a federal habeas corpus action, principles of comity and finality, and the recognition of the appropriate distinction between the burden on a criminal defendant upon direct appeal as opposed to a subsequent collateral attack, require a clear showing by petitioner that his is a fundamentally unjust incarceration as a result of a fundamental miscarriage of justice in order to satisfy the "cause" element of *Sykes.* The showing made herein by petitioner, viewed in the light of those recent decisions, may not meet those criteria. This may be true even though the unavailability of testimony on the "cause" issue was due to the intervening death of petitioner's trial counsel. [R., Vol. I, pp. 5–7].

We agree with the district court's analysis. *Isaac, supra,* involved an appeal from the Court of Appeals' reversal of federal district court orders denying Ohio state prisoners federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Ohio, like Oklahoma, has a contemporaneous objection rule. In *Isaac* the issue arose by virtue of defense attorneys' failure to object to jury instructions. Justice O'Connor, writing for the majority held, *inter alia:*

Issuance of a [federal] habeas writ, finally, exacts an extra charge by undercutting the State's ability to enforce its procedural rules. These considerations supported our *Sykes* ruling that, when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.

Respondents urge that we should limit *Sykes* to cases in which the constitutional error did not affect the truthfinding function of the trial . . . .

We do not believe, however, that the principles of *Sykes* lend themselves to this limitation. The costs outlined above do not depend upon the type of claim raised by the prisoner. While the nature of a constitutional claim may affect the calculation of cause and actual prejudice, it does not alter the need to make that threshold showing. We reaffirm, therefore, that any prisoner bringing a consti-

tutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.

\* \* \* \* \* \*

We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

456 U.S. at pp. 129, 134, 102 S.Ct. at pp. 1572, 1575 (footnote omitted).

In *United States v. Frady, supra*, Justice O'Connor, writing for the majority, again dealing with defendant's failure to object to jury instructions at trial, rejected the contention that the "plain error" standard of Rule 52(b), Fed.R.Crim.P. should apply in lieu of the "cause and actual prejudice" standard enunciated in *Wainwright v. Sykes, supra*. The Court held that, under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both: (1) cause excusing his procedural default; and (2) actual prejudice resulting from the errors of which he complains. Failure to meet either the cause or prejudice prong of the standard requires a denial of relief. The Court focused on the character of the prejudice required to trigger collateral relief:

> According to Frady, the trial court's erroneous instructions [to which no contemporaneous objection was lodged] relieved the Government of the burden of proving malice, an element of the crime of murder, beyond a reasonable doubt, so that, as Frady would have it, his conviction must be overturned.
>
> So stated, Frady's claim of actual prejudice has validity only if an error in the instructions concerning an element of the crime charged amounts to prejudice *per se*, regardless of the particular circumstances of the individual case. Our precedents, however, hold otherwise. Contrary to Frady's suggestion, he must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

456 U.S. at p. 170, 102 S.Ct. at 1595–96 (footnote omitted).

The significance of the "cause" and "prejudice" prongs was made clear by the *Isaac* majority's view that a state prisoner's federal habeas corpus challenge requires greater showing of prejudice than that required to establish plain error on direct appeal:

> Respondents, finally, urge that we should replace or supplement the cause-and-prejudice standard with a plain-error inquiry. We rejected this argument when pressed by a federal prisoner, see *United States v. Frady, post* [456 U.S.] p. 152 [102 S.Ct. p. 1584], and find it no more compelling here. The federal courts apply a plain-error rule for direct review of federal convictions. Fed.Rule Crim.Proc. 52(b). Federal habeas challenges to state convictions, however, entail greater finality problems and special comity concerns. We remain convinced that the burden of justifying federal habeas relief for state prisoners is "greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 [97 S.Ct. 1730, 1736, 52 L.Ed.2d 203] (1977); *United States v. Frady, post*, at 166 [102 S.Ct. at 1593].
>
> Contrary to respondents' assertion, moreover, a plain-error standard is unnecessary to correct miscarriages of justice. The terms "cause" and "actual prejudice" are not rigid concepts; they take their meaning from the principles of comity and finality discussed above. In appropriate cases those principles must yield to the imperative of a fundamentally unjust incarceration. Since we are

confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard, see *Wainwright v. Sykes,* 433 U.S. at 91 [97 S.Ct. at 2508]; *id.,* at 94–97 [97 S.Ct. at 2510–11] (STEVENS, J., concurring), we decline to adopt the more vague inquiry suggested by the words "plain error." 456 U.S. at pp. 134–35, 102 S.Ct. at p. 1575 (footnote omitted).

Petitioner Runnels has failed to meet the burden required under *Isaac* and *Frady.* He has not demonstrated cause for failure to lodge a contemporaneous objection to the prosecutor's remarks at the Oklahoma state court trial, and he has not established that the prosecutor's remarks created actual prejudice, infecting his entire trial with error of such constitutional dimensions as to render his incarceration fundamentally unjust.

We agree with the district court's specific findings of May 26, 1983. Thus, we must reverse the district court's grant of Runnels's petition for habeas corpus. The writ is quashed.

LOGAN, Circuit Judge, dissenting:

With respect, I must dissent.

In a habeas corpus case such as this the Supreme Court requires that the petitioner, to be entitled to relief, show cause for the procedural default and actual prejudice resulting from the default. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Cf. United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (collateral attack on federal conviction). In the earlier appeal this Court agreed that actual prejudice had been demonstrated. *Runnels v. Hess,* 653 F.2d 1359, 1364 (10th Cir.1981). Actual prejudice had been demonstrated because the Oklahoma Court of Criminal Appeals on direct appeal concluded that the statements made by the prosecutor were reversible error. If the defense counsel had timely objected to the prosecutor's improper comments, the Oklahoma court would have ordered a new trial. *Runnels v. State,* 562 P.2d 932, 937 (Okla.Cr. App.), *cert. denied,* 434 U.S. 893, 98 S.Ct.

270, 54 L.Ed.2d 179 (1977). This surely meets the actual prejudice requirement of *Isaac* and *Frady.* The most effective demonstration of prejudice would be a showing that a petitioner was convicted of a crime that he can conclusively show he did not commit. In the instant case, had the defense counsel objected, the petitioner would have received a new trial; instead he is serving a long prison term. Short of a showing of innocence, this presents the most conclusive demonstration of prejudice possible.

Under *Isaac* and *Frady* the petitioner must also establish cause for his lawyer's failure to make a contemporaneous objection. But the instant case demonstrates that in some situations it is impossible to conclusively prove whether there was or was not cause. Here the defense counsel died after the case was tried and before the habeas action was initiated. But that is not all we have. The record indicates that the defense counsel was 74 years old and in poor health at the time of trial; in addition, he was hard of hearing. Thus, circumstantial evidence indicates that he may not have heard the prosecutor's prejudicial remarks, either because of his hearing problem or his state of health, and he cannot be questioned to determine the reason for his failure to object. While the death of the defense counsel prior to a habeas proceeding does not automatically satisfy the cause requirements, the interceding death should not preclude a finding of cause.

Did *Isaac* and *Frady* intend that if cause could not be established by evidence stronger than we have here that relief must be denied no matter how great the actual prejudice to the petitioner is? I do not think the Supreme Court intended such a result. If the victim of this crime confessed that the crime was never committed or there was conclusive proof of petitioner's innocence, it would not help meet the cause prong of *Isaac.* Yet at least in this type of situation the Supreme Court contemplated that federal habeas relief would be permitted. The majority opinion in *Isaac* states, "The terms 'cause' and 'actual prejudice'

are not rigid concepts .... In appropriate cases those principles must yield to the imperative of a fundamentally unjust incarceration.... [W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." 456 U.S. at 135, 102 S.Ct. at 1575. I think the Court was saying that if the petitioner can establish a fundamental miscarriage of justice, he is entitled to relief regardless of his ability to conclusively establish the cause for his attorney's failure. In the instant case there was clear error of the type that would entitle the petitioner to a new trial had the defense counsel made proper objection, the counsel is deceased and can never tell us why he failed to make the objection, and the circumstantial evidence supports the inference that counsel may not have heard the prejudicial comments by the prosecutor. I would find that the cause requirement enunciated in *Isaac* has been met. Additionally, as I stated in my earlier dissent, I would find that if it is presumed or inferred that the defense counsel intentionally failed to object to the prosecutor's remarks on the petitioner's failure to take the stand, in the circumstances of this case, that lawyer did not meet the standards of competence we have required in *Dyer v. Crisp,* 613 F.2d 275 (10th Cir.), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).