Edward M. MEREDITH, Petitioner,

v.

Michael DUTTON, etc., et al., Respondents.

Civ. A. No. 3:87–0869.

United States District Court,
M.D. Tennessee,
Nashville Division.

Dec. 22, 1987.
On The Merits Feb. 3, 1988.

Edward M. Meredith, pro se.

Jerry Smith and Kimberly Hattaway, Asst. Attys. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. Edward M. Meredith applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of conviction of February 28, 1984 of the Criminal Court of Tennessee for its 20th judicial district (comprising Davidson County) in violation of the federal Constitution, Sixth Amendment, Right to a Speedy Trial and Right to the Assistance of Counsel Clauses, and Fourteenth Amendment, § 1, Right to the Due Process of Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). He claims he has exhausted his available state remedies by presenting his issues herein to the Courts of Tennessee. 28 U.S.C. § 2254(b).

Mr. Meredith claims that his federal rights to a speedy trial and the due process of law, respectively, were violated when five years elapsed between the time the offense charged was committed and the time he was brought to trial on charges relating to such offense. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," Constitution, Sixth Amendment, *supra.*

Furthermore, "[n]o State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment, *supra.* " * * * 'A fair trial in a fair tribunal is a basic requirement of due process. * * * " *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961).

Mr. Meredith claims also that his federal right to the assistance of counsel was infringed when his trial counsel was ineffective, in failing to raise the speedy trial issue in the state courts. His federal-constitutional right to counsel is his right to the effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 [10], 25 L.Ed.2d 763 (1970).

Therefore, it not appearing plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules —§ 2254 Cases, it hereby is

■ ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. The noticed slow movement of the mail constitutes good cause for the additional time granted.

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider the exhaustion-matter first, and will allow the respondent additional time thereafter in which to file a

supplemental answer, addressing the merits of the petition, if indicated.

## ON THE MERITS

The respondent answered, *see* order herein of December 22, 1987.

The petitioner Mr. Meredith claims that he was denied his constitutional right to the effective assistance of counsel, because his trial-counsel failed to raise a speedy-trial issue in the courts of Tennessee.* An evidentiary hearing was held in a Court of Tennessee on this issue.

At such hearing Mr. Meredith's trial-counsel testified that he had no knowledge of Mr. Meredith's whereabouts from the time he was released on bail in September, 1978 to October, 1983. When asked the reason he did not feel it appropriate then to file a motion for a speedy trial, such counsel stated: "Because the man voluntarily left the jurisdiction; there was a forfeit on his bond. I had no idea where he was," adding afterward, "I don't think I had a lot of standing to come to this Court and file anything when I couldn't even tell the Court where the man was at the time I filed it."

The trial-Court found the immediately foregoing testimony to be credible and the Court of Criminal Appeals of Tennessee affirmed such finding: "Interests of comity require * * * [this Court] to credit such a finding where, as here, a state trial judge has conducted a full and fair post-conviction proceeding." *Franklin v. Wyrick,* 529 F.2d 79, 82[6] (8th Cir.1976), *cert. den.,* 425 U.S. 962, 96 S.Ct. 1747, 48 L.Ed.2d 208 (1977).

■ As Mr. Meredith's trial counsel knew nothing of Mr. Meredith's whereabouts from the time he was released on bail until 5 years later, when he was notified that Mr. Meredith was being held in a state prison within this District, the Court finds that such counsel's representation of his client was not deficient, *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that

Mr. Meredith was "represented by 'counsel reasonably likely to render and [who] render[ed] reasonably effective assistance.'" *United States v. LaRiche,* 549 F.2d 1088, 1095 [11] (6th Cir.1977), *cert. den.,* 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

■ Mr. Meredith claims also that he was denied his federal right to a speedy trial. Although he presented such claim to the courts of Tennessee, such courts were precluded from considering it because of a procedural-default. "[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–1573 [10], 71 L.Ed.2d 783 (1982).

Mr. Meredith claims apparently that the ineffectiveness of his trial counsel is the cause of his procedural-default. Although ineffective assistance of counsel in some instances may satisfy the aforementioned "cause" requirement, *Runnels v. Hess,* 653 F.2d 1359, 1364 [8] (10th Cir.1981), this Court has found herein that there was no such ineffective assistance of counsel. Therefore, this claim fails to provide a basis upon which relief can be granted herein.

■ Mr. Meredith claims additionally that his due-process rights were violated when the state of Tennessee failed to lodge a detainer against him while he was incarcerated in a prison in Ohio. This claim does not present a constitutional challenge to his judgment of conviction and, thus, is not cognizable in a habeas corpus action.

The petitioner Mr. Edward M. Meredith hereby is

DENIED all relief. Judgment to that effect will be entered by the clerk of this Court, Rule 58(1), F.R.Civ.P. should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.

---

* Five years have elapsed between the time the offense charged was committed and the time

Mr. Meredith was brought to trial on charges relating thereto.

App.P., which WILL issue because of the legal issues implicated herein. *Id.*